#### DUNN *VS.* TILLOTSON.

1. Where defendant, after appearance, waives making a defence, he is precluded from objecting afterwards to the regularity of the proceedings, previous to such waiver.

2. Where a judgment is rendered for more than the amount claimed in the record, the error may be corrected by motion to the court in which the judgment is rendered.

Error to Wilcox Circuit court.

Assumpsit on a promissory note.

The action was assumpsit, by the defendant in error, as endorsee of a promissory note, against the plaintiff in error, as maker.

From an inspection of the record, it appears that the plaintiff below filed a declaration, to which the defendant pleaded "non-assumpsit," in short, by consent. At the Fall term, eighteen hundred and thirty-seven, of the court, the plaintiff submitted to a non-suit, which at the same term, was on motion, set aside. An amended declaration was afterwards filed, to which there was no plea; and at the May term, eighteen hundred and thirty-eight, this entry was made:

"This day came the parties, by their attorneys, and the defendant saying nothing in bar or preclusion of the plaintiff's right of action, and thereby leaves himself against the plaintiff wholly undefended; it is therefore considered by the court, that the plaintiff recover," &c.

The errors assigned are—

1. That the defects in the declaration aforesaid were amended without leave of the court;

Dunn *vs.* Tillotson.

2. That the court gave judgment, without making any disposition of the plea of non-assumpsit;

3. That the judgment is for a larger sum, than the cause of action set forth in the record and proceedings, would warrant.

*Proctor,* for plaintiff in error.

ORMOND, J.—The answer to the two first assignments of error is, that it appears from the record, that the plaintiff in error appeared, and waived making any defence to the action, and thereby precluded himself from objecting to the regularity of the previous proceeding, if indeed any such existed, which is not shown by the record.

Upon a calculation of the interest due on the note sued on, at the time of the rendition of the judgment, it appears that the judgment was rendered for fourteen cents too much. It appears to us, that this is a very proper case for the application of the maxim, *de minimus non curat lex*—the more especially, as the act of the legislature affords a cheap and summary remedy for the correction of errors of this description, by motion to the court in which the judgment was rendered.

Let the judgment of the court below be affirmed.