## TURNER, et al. v. BROWN, et al.

1. A variance between the writ and declaration, must be pleaded in abatement, or in a proper case may be reached upon the trial by an objection to the testimony, for a variance.   The court is not bound to strike the declaration from the file for this cause.
2. After judgment, all defects of form, not previously objected to, are cured by the statute of *jeofails*.

Writ of Error to the Circuit Court of Butler.

Assumpsit by the defendants, against the plaintiffs in error.   The writ is sued out by Angus Brown and George Reese, who sue for the use, &c.   The declaration is in the

name of Angus Brown, who sues, &c. To which the plea of *non assumpsit* was filed.

After the cause had been put to the jury, the defendants moved for leave to withdraw their plea, which the court granted: They then moved the court to strike the declaration from the file of papers in the cause, which the court refused, and the defendants excepted; and declining to plead, the court, rendered judgment by *nil dicit*, in favor of Angus Brown and George Reese for the use, &c.

The assignments of error are in refusing to strike the declaration from the files, it being unauthorized by the writ.

2. In rendering judgment on an insufficient declaration.

3. In rendering a judgment not authorized by the declaration.

T. J. JUDGE, for the plaintiff in error, contended, that it was not of universal application, that a variance between the writ and declaration must be pleaded in abatement—but that the court would, on motion, where there was a departure from the writ, direct the execution to be taken from the files. He cited 1 Ala. 74; id. 525; 3 id. 154; 4 id. 118.

WATTS, contra.—The variance between the writ and declaration, can only be taken advantage of by plea in abatement. 9 Porter, 195; 3 id. 741.

The judgment is a clerical mistake, which may be amended here, at the costs of the plaintiff in error. 1 Ala. 205.

The motion to take the declaration from the files, was addressed to the discretion of the court, and is not revisable. 9 Porter, 136. See also 7 Ala. 788, 829.

ORMOND, J.—The motion to strike the declaration from the files, for a variance between that and the writ, was addressed to the discretion of the court below, and cannot be revised here. The appropriate mode of taking advantage of such an omission, or defect, is, by plea in abatement, if that is not done the court is not under an imperious necessity, of acting in this summary way.

The omission in the declaration, to insert the name of one

of the plaintiffs, could, as already observed, have been taken advantage of by plea in abatement, or afterwards upon the trial of the cause, by an objection to the admissibillty of the evidence for the variance between the note declared on, and the one offered in proof. But when the defendant, as in this case, permits judgments to be taken by *nil dicit*, all such clerical omissions, or mistakes, are cured by the statute of *jeofails*. That statute declares that "No summons, writ, declaration, return, process, *judgment*, or other proceedings, shall be abated, quashed, or reversed, for any defect or want of form, &c. &c., or any mistake in the christian name, or sirname of either party, sum of money, *&c.*, in the declaration, or pleading, the name, sum, &c. being right in any part of the record, or proceedings ; and may at any time, permit either of the parties to amend any defect in the process, or pleadings, upon such conditions as the said courts respectively shall, in their discretion, and by their rules prescribe." (Clay's D. 321, § 50.)

The obvious and acknowledged design of this healing statute, was to extirpate all unnecessary litigation, by authorizing the amendment of any mistake of form, which was distinctly pointed out, in the process or pleadings, whilst the cause was in progress. If the opposite party lies by, and permits a judgment to be rendered, he cannot be heard afterwards to object to a matter of form, which was amendable, whilst the cause was *in fieri*. After judgment, the statute amends all defects of mere form, if the entire record furnishes the means of doing it.

In this case, if the objection had been taken in the Court below, it could have been amended, so as to make the declaration correspond with the writ, it being evidently a mere clerical omission. It cannot be taken after judgment.

Let the judgment be affirmed.