## SUMMERLIN *vs.* DOWDLE.

1. When the defendant's attorney withdraws his appearance at the judgment term, "and defendant makes no further defence;" *nil dicit* is the proper judgment.
2. After judgment by *nil dicit*, the defendant cannot take advantage on error of a variance between the writ and declaration.

ERROR to the Circuit Court of Tallapoosa.

Tried before the Hon. EZEKIEL PICKENS.

JAMES DOWDLE, for the use of Alexander McDade, brought an action of debt against Michael J. Summerlin, and, after service of the *capias*, declared against him in his own name and right; and after one continuance by the plaintiff, judgment by *nil dicit* was rendered against the defendant. It is now assigned for error, first, that there is a fatal variance between the writ, declaration and judgment; second, that there is no declaration; third, that the court erred in the judgment rendered.

RICHARDS & FALKNER, for plaintiff in error.

BELSER & HARRIS, *contra*.

LIGON, J.—The judgment entry in the court below, as it was corrected on the motion to enter judgment *nunc pro tunc*, shows that the defendant in that court appeared by his attorney, and at the term at which the judgment was rendered that attorney withdrew his appearance when the case was called, and the "defendant made no further defence." This was at the second term after the return of the writ, and consequently long after the declaration must have been filed under the rules of practice in the Circuit Courts of this State. Under these circumstances, *nil dicit* was the proper judgment, and such, in effect, is the judgment in this record.

The variance between the writ and declaration is only available on plea in abatement, and the latter might have been amended by reference to the former. As the judgment is one of *nil dicit*, and not by default, the plaintiff in error cannot be allowed to

take advantage of such variance on error, in this court. After judgment by *nil dicit*, all defects in the writ and declaration which could have been amended in the court below, are cured by our statute of jeofails.—Clay's Digest 321 § 50 ; Turner v. Brown, 9 Ala. 866.

As all the assignments of error rest on the same foundation, it is only necessary to add that the judgment of the court below is affirmed.