## EATON et al vs. P. W. & T. R. HARRIS.

[ACTION ON NOTE—JUDGMENT NIL DICIT.]

1. *Clerk of court; right to office.*—The official authority of a clerk of the court to exercise his office can not be brought up for judicial decision, on a motion to quash a summons issued by him, on the ground that he was not a lawful officer.

2. *Judgment nil dicit; effect of.*—Where parties appear in a case and submit a motion, and afterwards a judgment *nil dicit* is rendered against them, all irregularities are cured, which should have been objected to in the court below. And where the writ, or summons, is returned as to one of the defendants, "*not found,*" and the record afterward recites, that "the parties came by their attorneys," a judgment against all will be held good.

APPEAL from the Circuit Court of Marengo.
Tried before Hon. JAMES COBBS.

THIS was an action on a note brought by appellees against appellants. The defendants below moved to quash the summons, upon the ground, that the clerk who issued it was not a lawful officer; which motion the court overruled, and defendants excepted. The other points in the case plainly appear from the opinion of the court. There was a judgment *nil dicit* for the amount of the note and interest, from which the defendants appealed. The summons, as to one of the three defendants, was returned by the sheriff "not found," but judgment was rendered against all.

W. B. MODAWELL, and PETTUS & DAWSON, for appellants.
CLARKE & LYON, *contra*.

JUDGE, J.—1. The right to the office of clerk of the circuit court can not be determined on a motion to quash the leading process of a suit which has been issued by the

incumbent in his official capacity. The proper mode of testing the right of the incumbent to the office, is by a direct proceeding for that purpose.—See opinion in *Harris et al. v. Parker, Adm'r*, on the motion to dismiss the appea in that case, delivered at the June term, 1867, and the authorities therein cited.

2. It is not averred in the complaint, in terms, that the note sued on was executed by the appellants. But the judgment entry shows that the parties appeared by their attorneys, and that the defendants below moved the court to quash the summons and complaint in the cause; and that after this motion was overruled, a judgment by *nil dicit*, was rendered against the defendants.

The effect of the appearance and judgment is, to preclude the appellants from objecting to the regularity of the previous proceedings. Such has long been the established doctrine of this court.—(*Clemens v. Johnson*, 3 Stew. & Por. 269 ; see, also, *Smith's Adm'r v. Norwood*, 9 Por. 287 ; *Dunn v. Tillotson*, 9 Port. 272 ; *Andrews & Brothers v. McCay*, 8 Ala. 920.)

3. It has been too often decided by this court to be now considered an open question, that though all the parties declared against in an action at law, have not been served with the initiatory process of the cause, yet if the judgment entry recites that " the parties came by their attorneys," an appearance is shown which dispenses with the regular service—the only object of which is to bring the parties into court.—(*Gilbert v. Lane*, 3 Port. 267 ; *Lacey et al v. Beck*, 5 Port. 167 ; *Hobson v. Emanuel*, 8 Port. 442.)

Judgment affirmed.