# Russell *et al.* v. Rolfe.

*Motion for Summary Judgment against Sheriff and Sureties on Official Bond.*

1. *Nonsuit, and withdrawal of motion.* — A nonsuit, taken on a motion for a summary judgment against a sheriff and his sureties, and the withdrawal of a subsequent motion for the same cause of action, are not equivalent to two nonsuits.

2. *Discontinuance.* — A motion for a summary judgment against a sheriff and his sureties is not discontinued by the mere omission of the plaintiff to have it formally continued at a former term.

[Russell v. Rolfe.]

APPEAL from the Circuit Court of Barbour. Tried before the Hon. J. McCALEB WILEY.

JOHN A. FOSTER, for appellants.

BUFORD H. DENT, contra.

B. F. SAFFOLD, J. — The appellee moved for a summary judgment against the appellants, the sheriff and his sureties, for the failure of the said sheriff to pay over money collected on an execution, as allowed by R. C. §§ 3031, 3032. The defendants moved to dismiss the motion, because there had been two nonsuits. It appears that the plaintiff had once taken a nonsuit, and at another time had *withdrawn* a similar motion. In *Bullock* v. *Perry* (2 Stew. & Port. 319), a dismissal and a nonsuit were held not to be equivalent to two nonsuits. The withdrawal of a motion or suit is not the technical *retraxit*, or open and voluntary renunciation of his suit in court, by which the plaintiff forever lost his action. It is not a nonsuit, which is an omission or failure to prosecute the suit farther. The nonsuit is no bar to another action for the same cause, except by the statute. The withdrawal is more akin to, if not identical with, dismissal. It has no professional signification, and, perhaps, as good a reason as can be given for distinguishing it from the nonsuit, which is really more negative, is, that the restraint upon the latter is an abridgment of the right of the citizen, and, therefore, should be strictly construed. We hold that a withdrawal and nonsuit are not equivalent to two nonsuits.

2. The cause was not discontinued by an omission at one term formally to continue it. In *McAlpine* v. *The State* (47 Ala. 78), this court held it to be the settled practice in this State, that a general order was sufficient to continue all causes not disposed of at the adjournment of a term. I cannot think that the vitality of all causes pending in a court would be held to depend on so trivial a thing as the formal entry of such a general order. Whether a cause has been discontinued, or not, ought to be determined from the diligence of the party prosecuting it. If he is wilfully negligent, he cannot complain at its dismissal on motion of the opposite party.

The deposition of Young, and the certificate of the commissioner who examined him, are not set out in the transcript, and therefore we cannot decide the objections made to it.

The judgment is affirmed.