# Griel *v.* Loftin.

### *Garnishment on Judgment.*

1. *Dismissal by plaintiff.*—A plaintiff, having sued out a garnishment on a judgment, may dismiss the proceeding, after answer filed denying any indebtedness, against the objection of the garnishee.

[Griel v. Loftin.]

APPEAL from the City Court of Montgomery.

Tried before the Hon. JOHN A. MINNIS

The appellee in this case, Lethe Loftin, having obtained a judgment in October, 1873, at a regular term of said City Court, against Robert T. Forbes, sued out a garnishment on said judgment on the 15th January, 1877, and summoned Jacob Griel, the appellant, as the debtor of said Forbes. The garnishee appeared, and filed an answer, denying any indebtedness; and he also pleaded in abatement, on account of the insufficiency of the affidavit on which the garnishment was sued out. The plaintiff thereupon made the statutory affidavit, contesting the truth of the answer; but, at the next term, asked leave to dismiss the garnishment, at her own cost: and the court allowed her to do so, against the objection of the garnishee, who moved to be discharged upon his answer. This ruling of the court, to which, as the judgment recites, the garnishee excepted, is now assigned as error.

GUNTER & BLAKEY, and J. T. HOLTZCLAW, for appellant.

R. M. WILLIAMSON, and THOS. M. ARRINGTON, contra.

SOMERVILLE, J.—It has been uniformly held, and long since settled, in this State, that a proceeding by garnishment, to subject the funds of a defendant in attachment or execution to the judgment or debt of a creditor, is a *suit*, and, as such, is to be governed, as far as practicable, by the general rules of practice applicable to other suits.—*Moore v. Stainton*, 22 Ala. 831; *Travis v. Tartt*, 8 Ala. 574; 1 Brick. Digest, p. 173, § 276.

The general rule is, where a plaintiff has instituted a civil action, he has the right to dismiss or discontinue it at his own costs, at any time before verdict. This practice has been adopted, even in those cases where the defendant has pleaded a set-off, and introduced evidence to sustain it. *Branham v. Brown*, 1 Bailey (S. C.), 262; *Cummins v. Buder*, 11 Mass. 206; Waterman's Set-off, 659–60; *Breese v. Allen*, 12 Ind. 426; *Moore v. Bres*, 18 La. (Ann.) 483; *Howard v. Bugbee*, 25 Ala. 548.

We can see no reason why the plaintiff in a garnishment proceeding should be deprived of this general right, which is accorded to all other litigants resorting to the courts to enforce their legal rights. Nor does it change the principle, that the garnishee has filed his answer, denying indebtedness by reason of alleged sets-off or discounts, as against the defendant in attachment or execution, especially where the

[Sloan v. Frothingham.]

plaintiff, as in this case, has contested the truth of the answer, and presented an issue for the court or jury. The plaintiff is the actor, and has a right to control his own case. He has the same right to discontinue, that he has to inaugurate—the same right to dismiss, that he has to prosecute; and such dismissal carries with it all collateral issues and proceedings, growing out of, or connected with the original suit.

The court did not err in discharging the garnishment on plaintiff's motion, against the consent of the garnishee; and its judgment is affirmed.