# McAbee *v.* Parker.

*Contested Claim of Homestead Exemption.*

1. *Nonsuit by plaintiff.*—When a claim of homestead exemption is contested by the plaintiff in execution, but the sheriff fails to give notice of the contest to the defendant (Code, §§ 2834, 2836, 2838), the contest is not at issue at the next ensuing term of the court, unless the defendant waives such want of notice; and if he refuses to waive it, only appearing to claim a judgment against the plaintiff, he can not complain that plaintiff is allowed to take a nonsuit.

[McAbee v. Parker.]

APPEAL from the Circuit Court of Blount.
Tried before the Hon. JOHN B. TALLY.

HAMILL & LUSK, for appellant.

INZER & GREENE, contra.

SOMERVILLE, J.—The appellee was plaintiff in the
court below, in a contest inaugurated under the statute to try
the appellant's right of exemption to certain premises
claimed as a homestead, and was permitted by the court,
against objection, to take a nonsuit in the action, without a
trial on the merits.    It is insisted by the appellant, that the
court erred in allowing a judgment of nonsuit.    The cor-
rectness of this contention depends upon the proper con-
struction of section 2838 of the Code of 1876, which pro-
vides for the framing and trial of such issues.    After pro-
viding for the inauguration of such a contest by a prescribed
affidavit on the part of the plaintiff in execution, the statute
requires that an issue shall be made up and tried as in other
causes, at the first term of the court to which the process,
and other papers, are returnable.—Code, 1876, §§ 2830,
2834, 2838.    It is then declared as follows, by section 2838,
the one under consideration; "If the plaintiff shall fail to
appear to support his contestation, judgment shall be ren-
dered against him, to the effect that the property in contest
is not liable to sale under his execution, or other process,
and releasing such property from any levy thereon, and
against the plaintiff for the costs of such levy and contesta-
tion."    The same section provides, also, that "if the defend-
ant fail to appear to support his claim, judgment shall be
rendered thereon by default against him, condemning the
property in contest, and ordering its sale if necessary, and
against the defendant for costs."—Code, 1876, § 2838.

The record shows that the defendant's claim of exemption
was lodged with the sheriff, who gave the plaintiff's attorney
the three days written notice of its filing required by section
2834 of the Code.    It is further shown that the appellee,
Parker, properly inaugurated a contest, in the manner pro-
vided by section 2830; but the sheriff failed to give the de-
fendant any notice of such contest, as it was his duty to do
under the provisions of section 2836, and that the papers
were returned to the court without such notice.    The case
was, therefore, not at issue.    No trial of it could be forced

[Caperton v. Hall.]

against the appellant's (the defendant's) consent waiving such want of notice. This he refused to waive, by declining to appear, except to ask for judgment against the plaintiff declaring the property in contest not to be liable to sale, and releasing it from the levy, and for costs of the proceeding. Under the circumstances, the court did not err in overruling this motion, and in allowing the nonsuit. The general rule is, that the plaintiff in every civil proceeding, in the absence of some statutory prohibition to the contrary, may dismiss or abandon his action by nonsuit, or otherwise, at his own cost, at any time before verdict.—*Griel v. Loftin*, 65 Ala. 591. The most that can be insisted, with any degree of plausibility, is, that where a contest of exemption like the present has been inaugurated under the statute, and the issue has been made up, after proper notice given, and the case being ready for trial on the pleadings, if the plaintiff then fail to appear in support of his contestation, a judgment shall be rendered adjudging the property in contest not liable to sale, and releasing it from the levy, with costs.—Code, § 2838, *supra*. The defendant, having declined the wager of forensic battle, can not now complain that the plaintiff consented to his declination by taking a nonsuit. The plaintiff was in court, presumably ready to try the case on its merits. He did not, therefore, fail to appear in support of his contestation, within the meaning of the statute.

We discover no error in the ruling of the court, and the judgment is affirmed.