# Huffstutler *v.* Louisville Packing Co.

### *Assumpsit.*

(Decided Jan. 14, 1908.   45 South. 418.)

*Dismissal and Non Suit; Objection to; Right as to Set-off.*—A plaintiff has a right to dismiss his suit, or take a non suit therein, in all civil actions, at his own cost, at any time before verdict; and this, notwithstanding the defendant pleads and proves set off and recoupment.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by the Louisville Packing Company against Hamilton H. Huffstutler. From a judgment granting a motion of plaintiff to dismiss the suit, defendant appeals. Affirmed.

Defendant interposed as a defense to the suit a counterclaim by way of set-off and recoupment. After the plaintiff had made out its case, which was not denied by the defendant, and after the defendant had introduced evidence of his counterclaim or set-off, the plaintiff offered to take a nonsuit, with bill of exceptions. The court refused to allow the plaintiff to take this non-suit, and there was verdict and judgment for the defendant against the plaintiff in the sum of $620. The plaintiff

thereupon moved the court to set aside the judgment, on the ground that the court erred in not allowing plaintiff to take his nonsuit, and from this motion setting aside the verdict and judgment this appeal is prosecuted.

B. M. ALLEN, for appellant. Where defendant has interposed a plea of set-off or recoupment this makes a cross action and the plaintiff cannot defeat the defendant's right to a judgment over, by taking a non-suit.— 6 Ency. P. & P., 848; Watermon on Set-Off, etc., sec. 613. Where a cross bill is filed in equity asking affirmative relief, the dismissal of the original bill does not dismiss the cross bill.—*Etowah Mining Co. v. Wills Valley,* 121 Ala. 672; *Ables v. P. & M. Ins. Co.,* 92 Ala. 383; *Carrol v. Richardson,* 87 Ala. 605. After a decree for an accounting, complainant cannot dismiss his bill except upon consent of defendant.—1 Ency. P. & P., 103; Daniels Chan. P. & P., Vol. 1 ,p. 794. See also *Baldwin v. Roman,* 132 Ala. 323.

VON L. THOMPSON, for appellee. The judgment is not so set out as to call for a review by this court.—Section 434, Code 1898; *Tenn. Co. v. East Ala. Ry. Co.,* 81 Ala. 94; *Ewing v. Wafford,* 122 Ala. 493; *Craig v. Etheridge,* 133 Ala. 284. The plaintiff in the suit has the right to take a non-suit or to dismiss or discontinue his cause at his own cost, at any time during the trial before a verdict is rendered.—Sec. 614 and 3313, Code 1896; *Briel v. Loftin,* 65 Ala. 592; *Howard v. Buggbee,* 25 Ala. 548; Waterman on Set-Off, Secs. 659-660.

ANDERSON, J.—The general rule is, where the plaintiff has instituted a civil action, he has the right to dismiss or discontinue at his own cost at any time before verdict. This practice has been adopted, even in those cases where the defendant has pleaded a set-off and in-

troduced evidence to sustain it.—*Griel v. Loftin,* 65 Ala.
591; *Branham v. Brown's Adm'x,* 1 Bailey (S. C.) 262;
*Cummings v. Pruden,* 11 Mass. 206; Waterman on Set-
Off, 659, 660; *Breese v. Allen,* 12 Ind. 426; *Moore v.
Bres,* 18 La. Ann. 483.

It is insisted by counsel for the appellant that the rule
above declared is merely applicable to the common law,
which does not authorize judgment over for the defend-
ant when the cross-demand exceeds the plaintiff's claim;
that our statutes authorize a judgment over for the de-
fendant, upon pleas of set-off and recoupment; and that
what was said in the case of *Griel v. Loftin, supra,* was
dictum. We concede that what was said in that case, on
this subject, was dictum, as this question was not there
involved; but the expression of the writer seems to be
fortified by the weight of authority, and what was there
said is applicable in jurisdictions where judgment over
is provided, as well as under the common law.—*Ander-
son v. Gregory,* 43 Conn. 61; *Merchants' Bank of Canada
v. Schulenberg,* 54 Mich. 49, 19 N. W. 741. This Michi-
gan case was by a divided court, and resulted in an af-
firmance of the doctrine that the plaintiff can dismiss
his suit at any time before verdict, although the defend-
ant claimed a judgment over, and was authorized, under
the statute, to recover for said excess. The opinion
which controlled in this case was rendered by Cooley, C.
J., and as it deals with several authorities on the subject,
including the case relied upon by appellant's counsel, of
*Riley v. Carter,* 3 Humph. (Tenn.) 230, we quote at
length: "In this case the defendant relied upon a set-
off, which, he claimed, was larger than the plaintiff's de-
mand, and he brings the case to this court, assigning for
error the order of the circuit court permitting the plain-
tiff, notwithstanding his objection, to submit to a non-
suit. The general right of the plaintiff to discontinue

his suit, or to submit to a non-suit, at any time before verdict, is undoubted; and, in the absence of any statute taking away the right, it exists in the cases where set-off is relied upon to the same extent as in other cases. This is fully recognized in *Cummings v. Pruden,* 11 Mass. 206, and *Branham v. Brown's Adm'x,* 1 Bailey (S. C.) 262. In several states statutes have been passed taking away the right; but we have no such statute. The fact that the statute of set-offs permits judgment to be taken by the defendant for the balance found due him does not preclude a discontinuance.—*Cummings v. Pruden, supra.* But it is said there are decisions to the contrary of these, and several are referred to. The Texas cases are not in point, as they are decided under the civil law, which does not prevail in this state.—*Egery v. Power,* 5 Tex. 501; *Walcott v. Hendrick,* 6 Tex. 406; *Bradford v. Hamilton,* 7 Tex. 5. The case of *Francis v. Edwards,* 77 N. C. 271, was decided upon a construction of the Code of that state, and therefore has no bearing. In *Riley v. Carter,* 3 Humph. (Tenn.) 230, the defendant had obtained judgment for his set-off in justice's court, and the plaintiff removed the case to the circuit court by certiorari, and then, in that court, was given leave to dismiss his suit. This was palpable error, and the court so held; but we discover no analogy between that case and this. The defendant had his judgment, and, unless error was shown, had a right to retain it. The three New York cases of *Cockle v. Underwood,* 3 Duer (N. Y.) 676, *Rees v. Van Patten,* 13 How. Prac. 258, and *Van Allen v. Schermerhorn,* 14 How. Prac. 287, are not in point, because decided under the state Code; but, so far as they can be considered as having a bearing they are against the defendant, instead of for him, for they all recognize the power of the court in its discretion to permit the plaintiff to discontinue, which is all that is necessary to sustain this judgment."

It seems that the statement by the compiler on page 848 of 6 Am. & Eng. Ency. of Pl. & Pr., as to the modern rule, is not sustained by the weight of authority as to actions of law, but does obtain in chancery. The leading authority to the effect that a dismissal by the plaintiff will not deprive the defendant of his right to a judgment over is the case of *East St. Louis v. Thomas,* 102 Ill. 453. In that jurisdiction, they have a statute providing that, "when a plea of set-off shall have been interposed, the plaintiff shall not be permitted to dismiss his suit without the consent of the defendant or leave of court."

Whether the plaintiff was entitled to a bill of exceptions, under section 614 of the Code of 1896, or not, because his claim was admitted by the defendant and there was no adverse ruling in reference to same, we need not decide, as it is clear he had the right to nonsuit or dismiss at any time before the verdict. The trial court erred in not permitting the plaintiff to dismiss his case, and properly corrected the error by granting the motion for a new trial.

The judgment of the city court is affirmed.

TYSON, C. J., and SIMPSON and McCLELLAN, JJ., concur.