## STERNBERG et al. v. BONFELD.
### (6 Div. 388.)

(Court of Appeals of Alabama.    April 8, 1924.)

**I. Judgment ⬅106(5)—Plaintiff must plead to defendant's pleas in recoupment and set-off or suffer judgment thereon.**

Under Acts 1919, p. 825, plaintiffs by filing summons and complaint is in court and bound to answer defendant's pleas of recoupment and set-off or suffer judgment thereon.

**2. Pleading ⬅222—Plaintiff can plead further on overruling of his demurrers to defendant's plea.**

Where plaintiffs' demurrers to defendant's plea of recoupment and set-off were properly overruled, he had the right under Code 1907, § 5347, to plead further.

**3. Judgment ⬅106(7)—Nil dicit held proper after attorneys withdrew appearance and failed to plead further after ruling on demurrer.**

Judgment nil dicit was properly granted where, after plaintiffs had appeared and their demurrers to defendant's pleas of set-off and recoupment had been overruled, their attorneys withdrew their appearance as attorneys and plaintiffs failed to plead further to defendant's pleas of set-off or recoupment.

Appeal from Circuit Court, Jefferson County; Joe C. Hail, Judge.

Action on common counts by Joseph Sternberg and another, doing business as the Louisiana Clothing Company, against J. Bonfeld, doing business as J. Bonfeld & Co. From a judgment over for defendant, plaintiffs appeal. Affirmed.

London, Yancey & Brower, of Birmingham, for appellants.

Under the circumstances of the case, it was error to render judgment for defendant. Bucking v. Hauselt, 9 Hun, 633; Craig & Co. v. Pierson Co., 179 Ala. 535, 60 South. 838; Barnard v. Irvin, 8 Ala. App. 544, 62 South. 963.

S. J. Stiggins, of Birmingham, for appellee.

Judgment nil dicit was proper under the facts of this case. Summerlin v. Dowdle, 24 Ala. 428; Fanning v. Russell, 81 Ill. 398; Wagoner Nat. Bank v. Welch, 7 Ind. T. 259, 104 S. W. 610.

SAMFORD, J.    Sternberg & Sternberg, partners, etc., brought suit in the circuit court of Jefferson county against J. Bonfeld. This suit was on verified account and was filed November 14, 1916, and was executed November 16th; the complaint contained only the common counts and was signed Allen, Fisk & Townsend, plaintiffs' attorneys. Within 30 days the defendant by his attorneys filed demurrer.

On May 26, 1920, defendant filed, and had served on plaintiffs' attorneys of record, a summons and pleas of recoupment and set-off, which as subsequently amended, claimed of plaintiffs $568 with interest from June 17, 1916. On May 28, 1920, Vassar L. Allen, as attorney for plaintiffs, filed formal demurrers to these pleas. On March 23, 1923, defendant filed additional pleas denying indebtedness. The minute entry of the court then recites:

"On this the 21st day of February, 1923, comes Allen, Fisk & Townsend and withdraw their appearance as attorneys for the plaintiff in this cause.

"On this the 26th day of March, 1923, this cause being reached on the docket and called for trial, came the defendant by his attorney, and no one appearing for the plaintiff in this cause, whereupon.

"It is ordered and adjudged by the court ex mero motu that this cause be and the same is hereby continued to heel of docket on April 2, 1923.

"On this the 3d day of April, 1923, this cause being reached on the docket and called for trial, came the defendant by his attorney and the demurrers to the complaint are by the court heard and considered, whereupon,

"It is ordered and adjudged by the court that said demurrers be and they are hereby over-

═══════

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ruled; the defendant now moves the court to strike plaintiff's demurrers to pleas from the record, whereupon,

"It is ordered and adjudged by the court that said motion be and the same is hereby granted and said demurrers to pleas stricken; and the plaintiff now failing to further plead to the defendant's pleas of set-off and counterclaim, whereupon, upon defendant's motion,

"It is ordered and adjudged by the court that the defendant is entitled to have and recover of the plaintiff under his pleas of set-off and counterclaim in this behalf, but the amount thereof being uncertain let a jury come forward and assess the same, and thereupon came a jury of good and lawful men, to wit, E. W. Sudduth and eleven others, who being duly impaneled and sworn according to law upon their oaths do say: 'We, the jury, find a verdict for the defendant on the pleas of offset and counterclaim and assess his damages at seven hundred seventy-one and $00/100$ ($771.00) dollars,' whereupon,

"It is ordered and adjudged by the court that the defendant have and recover of the plaintiff under his pleas of set-off and counterclaim the sum of $771, that being the amount of defendant's debt and damages as ascertained and assessed by the jury upon the proof produced by the defendant in support of his pleas of set-off and counterclaim, besides all costs herein accrued for which execution may issue."

On April 25th, plaintiffs, through their present counsel, filed motion, to set aside the judgment, assigning several grounds not here necessary to mention.

[1-3] The only question insisted on by appellants, in brief filed, is that the court erred in rendering judgment nil dicit or by default, under the facts as stated in the record.

The plaintiffs were in court by the filing of the summons and complaint and were therefore bound to answer the defendant's pleas of recoupment and set-off or suffer judgment thereon Acts 1919, p. 825. Plaintiffs did undertake to answer these pleas by demurrer filed, but these demurrers were formal and were properly overruled. This left plaintiffs in court without answer to the claim of defendant. He still had the right under Code 1907, § 5347, to plead. Craig & Co. v. Pierson L. Co., 179 Ala. 535, 540, 60 South. 838.

"If there is appearance and a failure to plead a judgment nil dicit must be rendered. Stewart v. Goode, 29 Ala. 476. Or, if defendant appears and subsequently withdraws his appearance, making no further defense a judgment nil dicit is proper. Summerlin v. Dowdle, 24 Ala. 428. So, where there is an appearance, and a motion to quash the summons as irregular, which is overruled and no further defense is made, a judgment nil dicit is proper. Eaton v. Harris, 42 Ala. 491. The appearance of defendant, and the subsequent withdrawal of a plea filed, is properly followed by a judg-

ment nil dicit. Kennedy v. Young, 25 Ala. 563; Grigg v. Gilmer, 54 Ala. 425, 430." A plaintiff occupies the same relation to a plea of set-off or recoupment as a defendant does to the complaint. The plaintiffs as to these pleas is the defendant and when he appears or is in court, and fails to plead, is subject to the same judgments. He has the right to plead, not being in default but "nil dicit," i. e., "he says nothing," "stands mute." The court must in such cases render judgment. Thereupon a jury was properly called to ascertain from evidence the amount of the recovery to be had. This was done.

The motion to set aside the judgment, and setting up matters outside the record, is not substantiated by evidence and no effort made to do so.

It is but justice to say that the present counsel for appellants were not of counsel until after judgment had been rendered and are in no way responsible for the status as it exists.

We find no error in the record, and the judgment is affirmed.

Affirmed.