140 So. 386
**PURE MILK CO., Inc., et al. v. SALTER.**

**6 Div. 4.**

Supreme Court of Alabama.

Jan. 21, 1932.

Rehearing Denied March 31, 1932.

418

Ewing, Trawick & Clark, of Birmingham, for appellee.

J. P. Mudd, of Birmingham, for appellants.

## KNIGHT, J.

This suit was originally filed by appellee (plaintiff in the court below) against the Pure Milk Company, Inc., and one John Gilham, and sought recovery of damages for personal injuries growing out of a collision between the car driven by the plaintiff and a truck owned by defendant, Pure Milk Company, Inc., and driven at the time by the said John Gilham. Both defendants appeared, and filed separate demurrers to the complaint, which consisted of two counts. The first count charged simple negligence and the second wanton wrong. The demurrers were directed to each count separately and severally. These demurrers were overruled, and while the first eleven assignments of error challenge the correctness of the ruling of the court upon the demurrers, yet the appellants make no insistence upon these errors in brief filed on this appeal. They will be deemed, therefore, to have waived and abandoned the same. Louisville & N. R. R. Co. v. Holland, 173 Ala. 675, 55 So. 1001; Memphis & C. R. R. Co. v. Martin, 131 Ala. 269, 280, 30 So. 827; Beyer v. Fields, 134 Ala. 236, 32 So. 742; Northern Ala. Ry. Co. v. Counts, 166 Ala. 550, 51 So. 938.

After the demurrers were overruled, the defendants, separately and severally, filed pleas to the complaint, and each (separately) filed pleas of recoupment (counter suits) against the plaintiff, and, like the complaint, each of the counter suits sought recovery against the cross-defendant in two counts or statements; the first, as for simple negligence, and the second as for wanton injury, each growing out of the identical collision.

Thereafter the plaintiff amended his complaint by leave of the court, by striking the name of John Gilham as a party defendant. To this ruling the defendants excepted. With this defendant thus dropped from the case, the court, on motion of the plaintiff, struck defendant's (Gilham's) plea of recoupment, or countersuit. These rulings of the court, it is earnestly insisted, were erroneous, and should constitute reversible error in this case.

The plaintiff had the right under our amendment statute, Code, § 9513, to amend by striking out John Gilham, as a party defendant. Nor was it incumbent upon him to assign any reasons therefor.

If it should be conceded, which is not decided, that Gilham could file such a plea of recoupment, or counter plea, as he attempted to do in this case, when he was thus put out of the case by the plaintiff's amendment, his plea of recoupment also went out. The appellants insist that this is not so, and, in support of their contention, cite sections 10177, 10179, 10180, 10181, 10182, 9458, and 5668 of the Code, and other authorities, but which do not aid the appellants on this point.

Section 9493 of the Code provides: "In all actions at law in which the defendant files a plea of set-off or recoupment the plaintiff by taking a nonsuit shall not deprive the defendant of the right to have judgment against the plaintiff on such plea in the action in which such plea is interposed." Section 9513 of the Code expressly authorizes the amendment made by the plaintiff. These two sections are remedial in nature, and must be construed together. The plaintiff has not taken a nonsuit, but simply exercised a well-recognized right that has existed here for years. In exercising this right of amendment, even if it were conceded that the defendant Gilham had the right to file his plea of recoupment, this cross-suit was brought to an end with the dismissal of Gilham from the original suit. Section 9493, while remedial in nature, cannot be extended beyond its plainest terms. It deals with the one subject of set-off and recoupment, where nonsuit is taken by plaintiff. At common law plaintiff could at any time dismiss his suit, and this carried along with it defendant's plea of set-off or recoupment, and this common-law rule prevails in this state, except in so far as section 9493 of the Code may limit this right. Huffstutler v. Louisville Packing Co., 154 Ala. 291, 45 So. 418, 15 L. R. A. (N. S.) 340, 129 Am. St. Rep. 57. This section, new to the Code of 1923, must be construed in connection with section 9513, relating to amendments, and so construing it, both have a field of operation. The former section applies only where the plaintiff takes a nonsuit, and except in that one instance, the rule reannounced in the Huffstutler Case, supra, is still the law of the case. It was not the legislative intent by the adoption of section 9493 to abrogate the unqualified right of a plaintiff to amend his pleadings in any respect as authorized by section 9513 of the Code. The above demonstrates that in no case was there

420

any error in permitting the plaintiff, over objections of defendants, to amend his complaint by striking John Gilham as a party defendant, nor in striking the latter's plea of recoupment. Code, § 9515; Huffstutler v. Louisville Packing Co., 154 Ala. 291, 45 So. 418, 15 L. R. A. (N. S.) 340, 129 Am. St. Rep. 57; Griel v. Loftin, 65 Ala. 591; Waterman on Set-Off, 659, 660.

Under point 2 in his brief the defendants group assignment of errors numbered 14, 15, 16, 17, and 18, all presenting the question of the correctness of the court's action in overruling motion of defendants for a new trial, predicated upon the improper remarks of plaintiff's attorneys in their arguments to the jury. That the attorneys for plaintiff, in the objected to portions of their argument, exceeded the bounds of legitimate or permissible argument there can be no doubt. The record shows that in each instance, where objection was made and ruled upon, the court sustained the objections. No further action was invoked, and no further repressive measures were asked for by defendants. It would appear that the defendants were content with the ruling of the court in sustaining their objections. No hint or suggestion was made that the case be taken from the jury and a mistrial entered. This undoubtedly placed the defendants, whether so intended or not, in the attitude, of speculating on a favorable verdict; and they would be so held unless the argument was "so grossly improper and highly prejudicial, that its evil influence and effect could not be eradicated from the minds of the jury by any admonition from the trial judge."

In the case of American Ry. Express Co. v. Reid, 216 Ala. 479, 113 So. 507, many decisions of this court, touching the point under consideration, were reviewed. In that case, the trial court overruled the objection of the defendant, as last made, to certain portions of the argument of plaintiff's attorney, and an exception was duly reserved. In the instant case, the objections were sustained, where any ruling was made by the court and no further action on the part of the court was requested. The question then is, in this case, on consideration of the motion for a new trial: Were the remarks of counsel so improper and prejudicial as to be ineradicable from the minds of the jury, and thus to require a new trial?

After a careful consideration of the offending remarks, we cannot affirm error on the part of the court in overruling defendants' motion for new trial, in so far as the same is predicated upon those grounds.

Under point 3, the appellant complains of the refusal of the court to give their written requested charge number "D-6," which is as follows: "D-6. I charge you that to drive an automobile along the public highways of the State of Alabama while asleep constitutes negligence."

In support of the correctness of this charge the appellant cites the case of Grogitzki v. Detroit Ambulance Co., 186 Mich. 374, 152 N. W. 923.

This charge, if not otherwise objectionable as assuming that the plaintiff was asleep, had a misleading tendency, and for that reason was refused without error. See cases of Bushnell v. Bushnell, 103 Conn. 583, 131 A. 432, 44 A. L. R. 785; Helton v. Ala. Midland Ry. Co., 97 Ala. 275, 12 So. 276.

The appellant insists it was entitled to have the jury instructed that, under the evidence, there could be no recovery under count 2—wanton count. Without discussing the evidence in detail, we are at the conclusion that it was sufficient to carry this count to the jury, and this being true the appellant was not entitled to have the jury instructed in the terms of its refused charges A-3, A-8, A-6 and D-8.

There was no error in overruling appellant's motion for new trial. The only grounds of the motion here argued are those predicated upon the alleged improper remarks of counsel for plaintiff, to which we have already alluded.

We have considered all questions pressed upon our attention in brief of appellant, and finding no reversible error, the judgment of the circuit court of Jefferson county will be here affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.