74 So.2d 705

### Mildred DAVIS

v.

### Lonnie S. EVANS.
#### 8 Div. 736.

Supreme Court of Alabama.

June 30, 1954.

Rehearing Denied Oct. 7, 1954.

Maurice F. Bishop, Birmingham, John A. Bostwick, Jr., Guntersville, for appellant.

Lange, Simpson, Robinson & Somerville, Birmingham, for appellee.

MERRILL, Justice.

On February 14, 1952, the appellee (plaintiff below) filed a complaint against appellant (defendant below) in the Circuit Court of Marshall County, seeking damages as a result of an automobile accident. The appellant answered the complaint with pleas of not guilty and contributory negligence. Each party propounded interrogatories to the other and appellant filed pleas of recoupment, one charging simple negligence and the other charging wantonness, based on the same collision, which was the basis of the original complaint. Appellee filed a demurrer to the pleas of recoupment on which, insofar as revealed by the record, there was no ruling by the court.

The cause was set for trial on January 13, 1953, there having been a previous continuance at the request of the plaintiff. When it developed that counsel for plaintiff had notified his client to be present but for reasons unknown he was not available, the lower court entered the following order dismissing the cause as shown by the minute entry:

"On this the 13th day of January, 1953, the plaintiff failing to appear it is therefore, ordered and adjudged by the Court that the case be and the same is hereby dismissed for the want of prosecution and the plaintiff taxed with costs for which execution may issue."

The appellant then moved orally and in writing for a judgment nil dicit on his pleas of recoupment, to which motion appellee filed written objections. Thereafter on the 3rd of September, 1953, the court overruled appellant's motion, a part of the minute entry being as follows:

"On this the 3rd day of September, 1953, came the parties by and through their respective Attorneys of record and it affirmatively appearing that this suit was dismissed for want of prosecution by this Court on order entered on January 13, 1953 and that on said date a judgment of dismissal of plaintiff's action was entered in said cause and immediately thereafter the defendant moved this Court by oral motion for a judgment in favor of the defendant and against the plaintiff on defendant's pleas of recoupment filed in said cause, and that said oral motion of defendant for a judgment nil dicit on said pleas of recoupment was followed by a written motion of the defendant filed on January 21, 1953, and the plaintiff through his Attorneys having filed a motion to dismiss said oral and written motion of defendant, and both said motions of the plaintiff and the defendant being set on this date by agreement of the parties and the same having been argued and submitted to and being understood by the Court,

"It is, therefore, Considered, Ordered, and Adjudged by the Court that:

"1. The motion of the defendant for a judgment nil dicit against the plaintiff on his pleas of recoupment

are not well taken and the same hereby are overruled, to which action of the Court the defendant then and there duly excepted.

"2. That the motion of the plaintiff to dismiss the defendant's pleas of recoupment be and the same hereby is granted and the pleas of recoupment of defendant be and the same hereby are dismissed, along with the plaintiff's suit on the ground and theory that dismissal of the plaintiff's suit takes with it the defendant's pleas of recoupment, to which action of the Court the defendant then and there duly excepted. The costs of said cause be and they are hereby taxed against the plaintiff, for which let execution issue."

It is from this ruling that the appellant has appealed. The questions before us are (1) Was the above judgment one that would support an appeal? (2) Whether the dismissal of this action by the trial court for failure of plaintiff to appear and prosecute his action takes with it the defendant's pleas of recoupment?

Appellee insists that the appeal must be dismissed on the ground that the judgment of the lower court of January 13, 1953, dismissing plaintiff's case was the final judgment in the cause from which an appeal must be taken within six months and, therefore, the judgment of the court of September 3, 1953, would not support appellant's appeal.

We do not agree. Certainly the judgment of January 13, 1953, was a final judgment as to plaintiff, but the judgment of September 3, 1953, was in the same cause and shows that defendant's motion made on January 13th set up subsequent matters to those dealt with in the judgment of that date and were supplementary thereto, and the order on defendant's motion, dated September 13, 1953, was a final determination of the whole cause, and being final, would support an appeal. Code of 1940, Title 7, § 754. "This order 'put the case out of court,' and constitutes a final judgment." Thomas v. White, 244 Ala. 128, 12 So.2d 567, 568.

The second question has not been specifically decided by this court. In the case of Sternberg v. Bonfeld, 1924, 19 Ala.App. 594, 99 So. 659, 660, where defendant filed pleas of set off and recoupment, the case was continued, defendant's demurrer was overruled, the plaintiff's demurrers to defendant's pleas were stricken and the plaintiff failing to plead further and defendant moving for a judgment nil dicit on his pleas and having a judgment rendered by the jury in his favor, the Court of Appeals in affirming the judgment said:

" 'If there is appearance and a failure to plead a judgment nil dicit must be rendered. Stewart v. Goode, 29 Ala. 476. Or, if defendant appears and subsequently withdraws his appearance, making no further defense a judgment nil dicit is proper. Summerlin v. Dowdle, 24 Ala. 428. So, where there is an appearence, and a motion to quash the summons as irregular, which is overruled and no further defense is made, a judgment nil dicit is proper. Eaton v. Harris, 42 Ala. 491. The appearance of defendant, and the subsequent withdrawal of a plea filed, is properly followed by a judgment nil dicit. Kennedy v. Young, 25 Ala. 563; Grigg v. Gilmer, 54 Ala. 425, 430.' A plaintiff occupies the same relation to a plea of set-off or recoupment as a defendant does to the complaint. The plaintiffs as to these pleas is the defendant and when he appears or is in court, and fails to plead, is subject to the same judgments. He has the right to plead, not being in default but 'nil dicit,' i. e., 'he says nothing,' 'stands mute.' The court must in such cases render judgment. Thereupon a jury was properly called to ascertain from evidence the amount of the recovery to be had. This was done."

The major distinction between the Sternberg case and the one before us is that there the court permitted the defendant to go forward with his pleas of set off and recoupment, while here the court held that its dismissal of plaintiff's suit for

want of prosecution, carried with it defendant's pleas of recoupment.

■ We must not be unmindful of the policy of the legislature in treating a plea of recoupment as a separate complaint that stands on its own merit, even to the extent that there may be a judgment for the defendant by default. §§ 357–361, Title 7, Code of 1940. Section 358 reads:

"A defendant may plead set-off or recoupment, although he does not confess the plaintiff's claim or demand, and a verdict and judgment may be rendered on his plea of set-off and recoupment, although the plaintiff fail as to his entire claim."

It is difficult to visualize a situation where "the plaintiff fail[s] as to his entire claim" more completely than when his suit is dismissed by the court for want of prosecution.

This court considered § 358 in Alabama Power Company v. Kendrick, 1929, 219 Ala. 692, 123 So. 215, 218, and said:

"The clear effect of the statute is to authorize, in the form of plea of recoupment or set-off, a cross-action which stands on its own merit, within the limit of the rules of law governing such plea, that the matter pleaded must arise out of the same transaction as is involved in the plaintiff's complaint, * * *."

■ Section 358 was enacted into law by the adoption of the Code of 1923. We think it should be construed together with and in relation to other existing statutes, given a field of operation and reasonable meaning. We think a reasonable interpretation of this section is that the legislature intended to change the common law rule as to set off and recoupment in two respects: First, that defendant did not confess plaintiff's claim by pleading set off and second, that defendant might have judgment on his plea of set off or recoupment even though plaintiff fails entirely as to his claim, irrespective of the cause of such failure. See St. Louis & Tenn. River Packet Co. v. McPeters, 1900, 124 Ala. 451, 27 So. 518 for the common law rule that a plea of set off admits the validity of the contract on which plaintiff sues and that there can be no set off when plaintiff has no cause of action, and Huffstutler v. Louisville Packing Co., 1908, 154 Ala. 291, 45 So. 418, 15 L.R.A.,N.S., 340, for the common law rule that plaintiff could at any time dismiss his suit and this carried along with it defendant's plea of set off or recoupment.

It is urged that the common law rule as stated in the Huffstutler case and followed in Pure Milk Co. v. Salter, 1932, 224 Ala. 417, 140 So. 386, should be followed in the instant case. If we apply strictly this rule to § 358, when *would* that section apply? How long after defendant has filed his plea of recoupment does the plaintiff continue to have full control of the whole suit? At what time does it become impossible for him to have defendant's pleas dismissed, because he deliberately refuses to prosecute his suit? Would it be fair treatment to a defendant with pleas of recoupment filed before the statute of limitations had run to be thrown out of court after the time for the bar merely because the plaintiff requested the court to dismiss his cause?

■ We think a fair construction of §§ 357–361, Title 7, Code of 1940, is that when pleas of recoupment are filed, they become a cross action attended with the same rights and subject to the same defenses as the the original complaint.

It seems sound to hold, therefore, that said § 358 is the controlling statute here pertinent to prevent the dismissal of the defendant's cross action and the lower court was in error in the contrary ruling. It is only fair to state that the trial court was at that time justified in relying upon certain statements in the Pure Milk Company Case, supra.

However, taking note of some of the expressions in the Pure Milk Company Case, supra, if any are construed as opposed to the view here entertained, they are to be

disregarded and are hereby expressly overruled.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON, STAKELY and CLAYTON, JJ., concur.

LAWSON and GOODWYN, JJ., dissent.

LAWSON, Justice (dissenting).

I cannot agree that the judgment of the trial court dismissing appellant's pleas of recoupment should be reversed.

It is settled by our decisions that a plaintiff has the right to dismiss or discontinue a civil suit which he has filed on the law side at his own cost at any time before verdict. Griel v. Loftin, 65 Ala. 591; McAbee v. Parker, 83 Ala. 169, 3 So. 521; Huffstutler v. Louisville Packing Co., 154 Ala. 291, 45 So. 418, 15 L.R.A.,N.S., 340; Pure Milk Co. v. Salter, 224 Ala. 417, 140 So. 386. And in § 258, Title 7, Code 1940, it is provided: "The plaintiff may dismiss his suit at any time, by causing the clerk to make on the docket an entry of dismissal. When the summons has been executed, notice must be given to the defendant of the intended dismissal."

In the Huffstutler v. Louisville Packing Co., supra, decided in 1908, this court observed that the dismissal of a plaintiff's suit carried along with it the defendant's plea of set-off or recoupment, even though our statutes authorized a judgment over for the defendant upon pleas of set-off and recoupment.

Set out hereafter are the statutory provisions pertinent to the question of instant concern which have become effective since the decision in the Huffstutler Case, supra.

On September 25, 1919, the Governor approved Act 427, S. 271, Gen.Acts 1919, p. 555, which reads as follows:

"Section 1. That upon the filing of any plea of set off, recoupment or any other plea upon which a judgment by default may be taken the clerk of the court in which said plea is filed shall issue a copy of the same to the sheriff of the county who shall serve the same upon the plaintiff or his attorney of record in the cause in the same manner that copies of complaints are now served and make his return of such service upon the original plea.

"Section 1. That upon the filing of shall be allowed upon any such plea within thirty days after the service of such copy, but if the plaintiff fails to appropriately plead to such plea within thirty days after service upon him or his attorney of record of such copy a judgment by default may be taken therein as in cases where the defendant fails to plead to the complaint.

"Section 3. Where there is more than one plaintiff in the action in which such plea is filed service of such copy shall be made on each plaintiff or his attorney of record.

"Section 4. The clerk for issuing a copy of the pleas mentioned in this Act shall receive fifteen cents (.15c) for each 100 words and the sheriff for his services shall receive the sum of sixty-five cents (.65c) for the service of each of said copies. And the fees provided for in this section shall be taxed as other costs in the case.

"Approved September 25, 1919."

Section 1 of Act 427, supra, was brought forward into the Code of 1923 as § 10181 and into the Code of 1940 as § 359, Title 7. Section 2 of said Act was brought forward into the Code of 1923 as § 10182 and into the Code of 1940 as § 360, Title 7. Section 3 of the said Act 427, supra, was brought forward into the Code of 1923 as § 10183 and into the Code of 1940 as § 361, Title 7. Section 4 of Act 427, supra, was brought forward into the Code of 1923 as § 10184 and into the Code of 1940 as § 362 of Title 7.

On September 29, 1919, the Governor approved Act 567, H. 380, Gen.Acts 1919, p.

825, which act, aside from the repealing clause, reads as follows:

"That in all actions at law in which the defendant files a plea of set-off or recoupment the plaintiff by taking a nonsuit, shall not deprive the defendant of the right to have judgment against the plaintiff on such plea in the action in which such plea is interposed."

The provisions just quoted above were brought forward into the Code of 1923 as § 9493 and into the Code of 1940 as § 255, Title 7.

New to the Code of 1923 were the provisions of § 10180, which read as follows:

"A defendant may plead set-off or recoupment, although he does not confess the plaintiff's claim or demand, and a verdict and judgment may be rendered on his plea of set-off and recoupment, although the plaintiff failed as to his entire claim."

In so far as I am able to determine, the provisions last quoted above were written by the Code Commissioner and adopted by the legislature as a part of the Code of 1923. Such provisions have been brought forward into the Code of 1940 as § 358, Title 7.

In 1932 this court decided the case of Pure Milk Co. v. Salter, 224 Ala. 417, 140 So. 386, 387, which the trial court no doubt construed as requiring it to render a judgment dismissing appellant's pleas of recoupment, in view of the fact that the opinion in that case shows that all of the statutory provisions just referred to were there considered and it was held that the rule reannounced in the Huffstutler Case, supra, was still the law in this state, except where the plaintiff takes a nonsuit. I think the holding of this court in the Pure Milk Co. Case, supra, is correct and controls here. Inasmuch as the majority of the members do not take that view, I would like to point out here the factual situation present in that case, as well as the holding.

Salter brought suit against Pure Milk Co. and one John Gilham to recover damages for personal injuries growing out of a collision between a car owned and driven by Salter and a truck owned by Pure Milk Co. which was being driven at the time by Gilham. After their demurrers were overruled, the defendants among other pleas filed separate pleas of recoupment (countersuits) against the plaintiff. Thereafter the plaintiff amended his complaint, with leave of the court, by striking the name of John Gilham as a party defendant and the court, on motion of the plaintiff, struck Gilham's pleas of recoupment or countersuit. From a judgment in favor of the plaintiff, Salter, there was an appeal to this court. Among other grounds argued for reversal of the judgment rendered in the Pure Milk Co. Case, supra, were the actions of the trial court (1) in permitting the plaintiff to amend his complaint by striking out John Gilham as a party defendant and (2) in striking Gilham's pleas of recoupment on motion of the plaintiff after Gilham had been stricken as a party defendant.

In answer to the assertion that the trial court erred in permitting Salter to strike John Gilham as a party defendant, this court said as follows: "The plaintiff had the right under our amendment statute, Code, § 9513, to amend by striking out John Gilham, as a party defendant. Nor was it incumbent upon him to assign any reasons therefor." In upholding the action of the trial court in striking Gilham's pleas of recoupment, it was said:

"If it should be conceded, which is not decided, that Gilham could file such a plea of recoupment, or counter plea, as he attempted to do in this case, when he was thus put out of the case by the plaintiff's amendment, his plea of recoupment also went out. The appellants insist that this is not so, and, in support of their contention, cite sections 10177, 10179, *10180*, 10181, 10182, 9458, and 5668 of the Code, and other authorities, but which do not aid the appellants on this point.

"Section 9493 of the Code provides: 'In all actions at law in which the defendant files a plea of set-off or

recoupment the plaintiff by taking a nonsuit shall not deprive the defendant of the right to have judgment against the plaintiff on such plea in the action in which such plea is interposed.' Section 9513 of the Code expressly authorizes the amendment made by the plaintiff. These two sections are remedial in nature, and must be construed together. The plaintiff has not taken a nonsuit, but simply exercised a well-recognized right that has existed here for years. In exercising this right of amendment, even if it were conceded that the defendant Gilham had the right to file his plea of recoupment, this cross-suit was brought to an end with the dismissal of Gilham from the original suit. Section 9493, while remedial in nature, cannot be extended beyond its plainest terms. It deals with the one subject of set-off and recoupment, where nonsuit is taken by plaintiff. At common law plaintiff could at any time dismiss his suit, and this carried along with it defendant's plea of set-off or recoupment, and this common-law rule prevails in this state, except in so far as section 9493 of the Code may limit this right. Huffstutler v. Louisville Packing Co., 154 Ala. 291, 45 So. 418, 15 L.R.A.(N.S.) 340, 129 Am.St.Rep. 57. This section, new to the Code of 1923, must be construed in connection with section 9513, relating to amendments, and so construing it, both have a field of operation. The former section applies only where the plaintiff takes a nonsuit, and except in that one instance, the rule reannounced in the Huffstutler Case, supra, is still the law of the case. It was not the legislative intent by the adoption of section 9493 to abrogate the unqualified right of a plaintiff to amend his pleadings in any respect as authorized by section 9513 of the Code. The above demonstrates that in no case was there any error in permitting the plaintiff, over objections of defendants, to amend his complaint by striking John Gilham as a party defendant, nor in striking the latter's plea of recoupment. Code, §

9515; Huffstutler v. Louisville Packing Co., 154 Ala. 291, 45 So. 418, 15 L.R.A.,N.S., 340, 129 Am.St.Rep. 57; Griel v. Loftin, 65 Ala. 591; Waterman on Set-Off, 659, 660."

There is this factual difference between the instant case and the Pure Milk Co. Case. Here the plaintiff dismissed his complaint as against the sole defendant. In the Pure Milk Co. Case, supra, Salter by amending out the defendant Gilham in effect dismissed his complaint as to only one of two defendants. But that factual difference would not justify the application of different legal principles and I do not understand the opinion of the court to so hold.

I do not understand the holding of the court in this case to be based on the idea that the language of § 255, Title 7, Code 1940, includes the dismissal of a suit. Since the early case of Bullock v. Perry, 2 Stewart & P. 319, this court and the Court of Appeals have recognized distinction between a nonsuit and a dismissal or discontinuance. Russell v. Rolfe, 50 Ala. 56; Brock v. Harris, 34 Ala.App. 593, 42 So.2d 39.

The court could not reach the conclusion which it has reached in this case without overruling Pure Milk Co. v. Salter, supra, to some extent, so it has proceeded to do just that—by the use of the following language: "However, taking note of some of the expressions in the Pure Milk Co. Case, supra, if any are construed as opposed to the view here entertained, they are to be disregarded and are hereby expressly overruled." I do not know and I do not believe that the bench and bar will be able to tell with any degree of certainty what parts of the holding in the Pure Milk Co. Case, supra, are still the law, if any, and what parts have been overruled by the court's decision in this case. Having seen fit to find fault, the court in my opinion should have spelled out the faults which it found.

Perhaps the real fault which the majority has found with the Pure Milk Co. Case, supra, is that it did not hold that the provisions of law now codified as § 358, Title

7, Code 1940, were intended to change the rule in the Huffstutler Case, supra. If such is the rationale of the holding of the majority, it seems to me to be without legal justification. There can be very little doubt that the Code Commissioner in inserting into the 1923 Code the provisions now codified as § 358 of Title 7 sought to avoid the holding of this court in St. Louis & Tenn. River Packet Co. v. McPeters, 124 Ala. 451, 27 So. 518. See also Carolina Portland Cement Co. v. Alabama Construction Co., 162 Ala. 380, 50 So. 332. This indeed would be a rather strange and involved method of changing the rule announced in the Huffstutler Case to the effect that the dismissal of a plaintiff's complaint carried with it the defendant's pleas of set-off and recoupment. How simple it would have been to have effectuated that purpose by merely broadening the language of Act 567, Approved September 29, 1919, which the said Code Commissioner brought forward into the 1923 Code of Alabama.

I am of the opinion that the judgment appealed from should be affirmed, and, therefore, I am constrained to dissent.

GOODWYN, J., concurs in the foregoing views.