ADAMS, Justice.
Larry and Bennie Gail Vincent appeal from a summary judgment of the Circuit Court of Talladega County in favor of F. Hood Craddock Memorial Clinic (hereinafter “the Clinic”), appellee.
The Vincents raise the following issue on appeal:
Does the four-year limitation of the Alabama Medical Liability Act, Code 1975, § 6-5-482, bar a compulsory counterclaim for wrongful death brought outside the four-year limit, thereby preventing the same from relating back pursuant to Code 1975, § 6-8-84? [1]
The Clinic argues that we cannot reach this issue because of the Clinic’s abandonment of its stale claim and the Vincents’ contemporaneous dismissal of their counterclaim for wrongful death in the small claims court. We agree and pretermit discussion of this issue. The judgment of the circuit court is affirmed.
The Clinic filed suit against the Vincents in the small claims court of Talladega County on March 14,1983, claiming $301.00 for medical services rendered. The $301.00 claim was the total of two separate claims. The first claim was for $146.00 for the treatment of Mrs. Vincent and her newborn child in 1972-73. The child died shortly after birth. The second claim was for *272 $155.00 for the treatment of Mr. Vincent for a back ailment in 1982.
The Vincents, in their answer, admitted owing the $155.00 claim, but denied owing the $146.00 claim and counterclaimed for the wrongful death of their infant son, Michael.
At trial, the Clinic moved to amend the ad damnum portion of its complaint by striking that part of its claim for treatment rendered more than three years prior to May 3, 1983, and reducing the amount stated in the ad damnum clause to $155.00, plus costs. At the same time, the Vincents moved to dismiss their counterclaim, without prejudice, and this motion was granted on May 2, 1983. Although the record does not directly reflect that the small claims judge allowed the Clinic’s amendment, the judge, based upon the pleadings, entered judgment for the Clinic for $155.00, plus costs.
The Vincents appealed the judgment of the small claims court to the Circuit Court of Talladega County on May 6, 1983, and refiled their wrongful death counterclaim. On June 20, 1983, the Clinic moved for summary judgment on the Vincents’ counterclaim, asserting that this counterclaim was barred by the four-year limitation of the Alabama Medical Liability Act, Code 1975, § 6-5-482. The motion was denied by Judge Fielding on November 4, 1983.
The Clinic filed a motion to dismiss its remaining claim of $155.00 against the Vin-cents on February 8, 1984, and the motion was granted on February 24, 1984.
Prior to trial in the circuit court on the Vincents’ counterclaim, Judge Fielding re-cused himself and Judge Sullivan continued with the case. The Clinic renewed its motion for summary judgment on the Vin-cents’ counterclaim, and Judge Sullivan granted the motion on October 23, 1984, ruling that the counterclaim was barred by the four-year limitation of Code 1975, § 6-5-482.
On appeal, the Clinic contends that the May 3, 1983, amendment to its complaint, striking the stale claim relating to the 1972-73 treatment and reducing the demand to $155.00, plus costs, amounted to a dismissal of that claim relating to the 1972-73 treatment. In addition, the Clinic observes that the Vincents dismissed their counterclaim for wrongful death prior to appealing to the circuit court. Under these circumstances, the Clinic asserts that the judgment of the small claims court was predicated only upon the $155.00 claim related to the 1982 treatment and, therefore, the Vincents’ renewed counterclaim in the circuit court appeal was unrelated to the remaining claim of the Clinic. The Clinic argues further that since the Vincents’ counterclaim was unrelated to the Clinic’s remaining claim, the counterclaim was permissive, and as such, was barred by the four-year provision of Code 1975, § 6-5-482.[2] We agree.
In discussing the relation back of counterclaims, this Court in Campbell v. Regal Typewriter Co., 341 So.2d 120, 126 (Ala. 1976), observed:
The last sentence of ARCP 13(c) provides: “All counterclaims other than those maturing or acquired after pleading shall relate back to the time the original plaintiff’s claim arose.” According to the Committee Comments, the inclusion of this relation back of counterclaims was to harmonize with Title 7, § 355, [1940] Code, [now Code 1975, § 6-8-84], which provides:
“When the defendant pleads a set-off to the plaintiff’s demand, to which the plaintiff replies the statute of limitations, the defendant is nevertheless entitled to his set-off, where it was a legal subsisting claim at the time the *273 right of action accrued to the plaintiff on the claim in suit.”
The significance lies in the distinction between recoupment and set-off.
And in Cooper v. Reaves, 365 So.2d 670, 671 (Ala.1978), this Court stated:
While counterclaims in the nature of a set-off may be barred by the applicable statute of limitations, counterclaims in the nature of recoupment are not. This rule prevailed under our former system of pleading, and has not been changed by the adoption of the Rules of Civil Procedure, where recoupment is treated as a compulsory counterclaim under Rule 13(a). Campbell v. Regal Typewriter Co., Inc., 341 So.2d 120 (Ala.1976). To constitute recoupment, and thereby escape the bar of the statute of limitations, a counterclaim must arise out of the same transaction as the plaintiffs claim. Set-off, on the other hand, need not arise out of the same transaction or contract. Scroggins v. Alabama Gas Corporation, 275 Ala. 650, 158 So.2d 90 (1963).
In the instant case, the Vincents’ original counterclaim was compulsory, inasmuch as the counterclaim arose from the transaction which spawned the Clinic’s claim for $146.00 — the 1972-73 treatment of Mrs. Vincent and her infant son. However, the same counterclaim was unrelated to the Clinic’s claim for $155.00 arising from the treatment of Mr. Vincent in 1982, and in this context the counterclaim was permissive. Although the original counterclaim was viable when pleaded in response to the Clinic’s initial claims, once the Clinic amended its complaint to dismiss the $146.00 claim for Mrs. Vincent’s treatment and the Vincents dismissed their counterclaim, there was no claim of the Clinic remaining on appeal to the circuit court that was related to the Vincents’ renewed counterclaim. It follows that the renewed counterclaim was permissive, and as such, fully subject to the applicable limitations period, which had expired long before the counterclaim was refiled on appeal to the circuit court.
We carefully point out that the basis for our holding is the fact that both the original claim of the Clinic and the original counterclaim of the Vincents were dismissed in the small claims court. Our decision in the instant case does not alter the prior holding of this Court that the subsequent dismissal of a plaintiff’s action will not preclude the defendant from proceeding with an existing compulsory counterclaim to a plaintiffs original claim. See Davis v. Evans, 261 Ala. 548, 74 So.2d 705 (Ala.1954). However, once a defendant dismisses a compulsory counterclaim, following the dismissal of the plaintiff’s original claim upon which the compulsory counterclaimed is based, the defendant may not reassert the counterclaim on appeal to the circuit court, because there is no longer a related claim to support the counterclaim.
The Vincents argue that the amendment to the Clinic’s complaint was never allowed by the small claims court and, therefore, that the Clinic’s original $146.00 claim for the 1972-73 treatment is still viable. Although the record does not reveal a ruling by the small claims court on the Clinic’s amendment, we think that because the court entered judgment for $155.00, the exact amount demanded by the Clinic for the 1982 treatment of Mr. Vincent and the exact amount demanded by the Clinic in its amended pleading, the small claims court did allow the Clinic’s amendment.
The Vincents also assert that, assuming that the small claims court did allow the Clinic’s amendment, their counterclaim would be viable on appeal due to the provisions of Rule C(2), Alabama Small Claims Rules, and Rule 13(j), Alabama Rules of Civil Procedure. We disagree. Rule C(2) provides in part:
Failure of a defendant to make a counterclaim which is based upon things which gave rise to plaintiff’s claim will not of itself prevent the defendant from raising such claim in another court or case so long as the defendant either wins his case in the small claims court or prevents the judgment of the small claims court from becoming a final judg *274 ment by the filing of a notice of appeal as provided in Rule “M”.
Rule C(2), Ala.Sm.Cl.R. We fail to see how Rule C saves the Vincents’ counterclaim. First, Rule C refers to “a counterclaim which is based upon things which gave rise to plaintiffs' claim,” but after the Clinic’s dismissal of its claim, the Vincents’ counterclaim was no longer one based upon things which gave rise to the plaintiffs’ claim. Second, Rule C states that the failure of defendant to make a compulsory counterclaim “will not of itself” prevent the defendant from raising such a claim in another court or case. The rule does not speak to the situation here, in which the defendant has dismissed a compulsory counterclaim.
We also find that subsection (j) of A.R. Civ.P. 13 is inapplicable to the present ease. Rule 13(j) provides in pertinent part:
Where an action is commenced in a court from which an appeal lies to the circuit court for a trial de novo any counterclaim made compulsory by Subdivision (a) of this rule shall be stated as an amendment to the pleading within 30 days after the appeal has been perfected to the circuit court or within such further time as the court may allow; and other counterclaims and cross-claims shall be permitted as in an original action.
A.R.Civ.P. 13.
As previously discussed, the counterclaim brought on appeal to the circuit court was not a compulsory one and, therefore, the 30-day amendment provision of Rule 13(j) was not applicable. Furthermore, subsection (j) provides that other counterclaims “shall be permitted as in an original action.” The Vincents’ renewed permissive counterclaim in response to the Clinic’s $155.00 claim would be time-barred and, therefore, not permitted.
The action before the circuit court at the time the Vincents refiled their counterclaim on May 6, 1983, presented no claim to which that counterclaim could relate back. The judgment of the circuit court is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES, BEATTY and HOUSTON, JJ., concur.

. See discussion of statutes of limitations in footnote 2.

. It should be noted that while the Clinic speaks in terms of the four-year statute at § 6-5-482, the two-year limitation period of the Alabama Wrongful Death Statute, Code 1975, § 6-5-410, and not the four-year period of the Alabama Medical Liability Act, Code 1975, § 6-5-482, would be applicable to an action for wrongful death arising out of an act of medical malpractice. McMickens v. Waldrop, 406 So.2d 867 (Ala.1981). If the Vincents’ counterclaim does not relate back, their action would be time-barred at the end of two years.