(89 South. 584)

## WILSON v. McKLEROY. (7 Div. 175.)

(Supreme Court of Alabama. April 14, 1921. Rehearing Denied June 30, 1921.)

**1. Guardian and ward ⬡=>34, 42 — Title is in ward, and guardian can sell only by court order.**

Legal title to a minor's land is not in his guardian, but in the minor, and can be sold by guardian only by court order, the court being the vendor, and no title passes until confirmation, and it is the court's duty to secure the best price, full value of the property.

**2. Guardian and ward ⬡=>42 — Private agreement to sell ward's property, giving purchaser excess of certain amount, held illegal.**

A guardian cannot sell privately her ward's estate, and any private contract to sell it is illegal, and her agreement that purchaser can have all in excess of a certain amount it may bring when sold at public outcry by court order is against public policy.

**3. Guardian and ward ⬡=>108 — Essentials to vest title in purchaser of ward's land named.**

When necessary to sell a ward's real estate, the order may be obtained from a court of competent jurisdiction, there must be a public sale reported to the court, the report confirmed, the purchase money paid, and deed directed to be made to the purchaser to give him valid title. Code 1907, §§ 4409, 4411, 4426.

**4. Guardian and ward ⬡=>42—Guardian cannot be sued personally on illegal agreement that purchaser have all property brought in excess of specified price.**

Although the guardian, mother of the ward, had a right to use and enjoy his property as her residence during her life, her contract, as guardian, with a purchaser made privately, to let him have all the property would bring on sale by court order above a certain amount, was known to the purchaser to be illegal and void, and he cannot maintain an action against her personally thereon.

⬡=>For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 110.                    [2] Ante, p. 110.                    [3] Ante, p. 29.

**5. Contracts ⬅⟶102 — Parties making an unlawful contract through mistake in law not liable.**

When both parties acting under mistake of law make a contract which the law forbids, they are not liable thereunder, nor is the guardian of a minor as one of such parties liable.

**6. Fraud ⬅⟶47—Count for fraud by artificial bidding held demurrable.**

A count in a declaration against a minor's guardian personally on an illegal contract by which the plaintiff was to have all the property brought above a named sum, in which plaintiff charges fraud by artificial bidding caused by the defendant, is demurrable, where failing to aver that those bidding forced him to pay more than the reasonable market value of the property.

**7. Fraud ⬅⟶41 — Count for fraud in puffing price at public sale held demurrable.**

It is a fraud on bona fide bidders at public sale for the vendor to have puffers or by-bidders artificially inflate the price, and such vendor is guilty of fraud and liable to damages under Code 1907, § 2468; but a count therefor failing to aver facts showing the necessity for plaintiff to bid the additional sum necessary to purchase and that defendant knew such facts before sale, and averring that defendant instead of plaintiff was defrauded, is subject to demurrer.

Gardner, J., dissenting.

Appeal from Circuit Court, Calhoun County; W. J. Martin, Judge.

Action by W. C. Wilson against Mrs. Susan N. McKleroy, for damages for breach of contract. Judgment for the defendant on the pleading, and plaintiff appeals. Affirmed.

The following are the pleadings in the case:

"(1) The plaintiff claims of the defendant $5,600, together with the interest thereon from March 10, 1920, due from defendant to the plaintiff by a contract executed between the plaintiff and the defendant on, to wit, December 31, 1919, a copy of which said contract is hereto attached, marked 'Exhibit A,' and made a part hereof as if fully and completely set out herein, and plaintiff avers that in pursuance of said contract the said property therein referred to was sold at public outcry; that there was a higher bid therefor than $22,500, a bid of $28,100, which sum was bid by the plaintiff, and the plaintiff became the purchaser of said property at said sum; that said sale was reported to and confirmed by said court on, to wit, March 10, 1920, and in consequence of said bid and said confirmation of said sale this defendant has become indebted to the plaintiff in the sum of $5,600, together with the interest thereon from the confirmation of said sale, which said sum is past due and unpaid.

"(2) Plaintiff claims of the defendant the sum of, to wit, $5,600, together with the interest thereon from March 10, 1920, for that Wm. H. McKleroy died testate leaving a last will and testament, one item of which said will—which has been duly probated in the probate court of Calhoun county, Ala., the county said decedent resided—was as follows, to wit:

"'Item 9. 'My home known as the McKleroy consisting of ten' (10) lots and the residence thereon, between Wilmer avenue and Quintard avenue, immediately north of Sixteenth street, in Anniston, Alabama, I give and devise to my son, William Henry McKleroy, Jr., who I hereby direct to permit his mother to use and occupy said homestead as her residence during her lifetime.'

"And plaintiff avers that upon the probate of said will letters testamentary thereon issued to W. A. Davis and this defendant, and thereafter this defendant was appointed the guardian of Wm. Henry McKleroy, Jr., who was the child of said decedent and the child of this defendant, and thereafter whilst the defendant was acting as such coexecutor, and whilst defendant was acting as such guardian and whilst the defendant and her said minor child were occupying the said property, the said defendant undertook to procure a purchaser for said property, and thereupon after sundry consultations and interviews this plaintiff agreed to buy said property at $22,500, which the defendant considered and which was in fact an advantageous price for said property, and thereupon the plaintiff and defendant made and executed a contract, a copy of which is hereto attached, marked 'Exhibit A' and made a part hereof as if more fully set forth herein, and thereafter the defendant procured said property to be sold by the court, and at said sale by the court the plaintiff became and was the purchaser thereof at and for the sum of $28,100; that said sale was reported to and confirmed by the court, and that it was necessary for the plaintiff to bid said sum to buy said property. Wherefore plaintiff says that defendant is indebted to plaintiff in the sum of $5,600, together with the interest thereon from the confirmation of said sale on, to wit, March 10, 1920.

"(3) The plaintiff refers to and adopts as a part of this count all of count 2 hereinabove down to and including the words 'it was necessary for the plaintiff to bid said sum to buy said property,' and adds thereto as a part thereof the following words of averment: That it became so necessary for the plaintiff to bid said sum in consequence of the acts and conduct of the defendant, who, knowing that the plaintiff was relying upon said contract and relying upon this defendant abiding by and performing the same, procured irresponsible persons to bid at said sale and run up the price of said property to force and compel plaintiff to bid more than $22,500 at said sale, and that such person did, at the instance and upon the solicitation of this defendant, appear at said sale and bid in excess of said sum of $22,500, and bid, to wit $28,000 for said property; that such persons so bidding were irresponsible, without means, could not have complied with the contract of purchase had they secured said property, and had no intention of buying said property, but were acting in the interest of and upon the solicitation of this defendant to artificially run up the price of said property and force this plaintiff, who, to the knowledge of the defendant, was relying upon said contract, to bid more for said property than it would bring at a public sale properly conducted among

honest and legally responsible bidders. And plaintiff avers that said sale was reported to and confirmed by the court, and that in consequence of the facts herein recited this defendant has become indebted to this plaintiff in said sum of $5,600, together with the interest thereon since the confirmation of said sale, on, to wit, the 10th day of March, 1920.

"(4) Plaintiff claims of the defendant the sum of, to wit, $5,600, and the interest thereon from February 26, 1920, for that this defendant, as the guardian of Wm. Henry McKleroy, Jr., caused to be sold at public outcry to the highest bidder for cash, before the courthouse door of Calhoun county, Ala., in pursuance of a decree of the chancery court of Calhoun county, Ala., and on, to wit, the 26th day of February, 1920, certain real estate situated in Calhoun county, Ala. On and prior to the day of this sale the defendant well knew that the plaintiff would bid at said sale the sum of $22,500, and such sum in addition thereto as was necessary to purchase said property at said sale, and knowing such facts this defendant conspired with sundry irresponsible persons, without means, who could not have complied with the contract of purchase had they secured said property, to defraud this plaintiff by artificially puffing or bidding up the price of said property at said sale who, in furtherance of such conspiracy, did appear at said sale and bid thereon the sum of $28,000 after plaintiff had bid $22,500 for said property; that such persons were known to this defendant but unknown to this plaintiff to be irresponsible and unable to comply with said bid had said property been sold to them, and had no intention of complying with said bid or purchasing said property, and were wholly unable to comply with such sale, all of which facts were unknown to this plaintiff, and that by virtue of the said fraudulent conduct on the part of this defendant this plaintiff was compelled, and did, bid in order to obtain said property the sum of $28,100, whereby defendant was defrauded of the difference between the then reasonable market value of said property, to wit, $22,500, and the amount bid at said sale, to wit, $28,100.

### Exhibit A.

"State of Alabama, Calhoun County:

"This agreement made and entered into on this 31st day of December, by and between Susan N. McKleroy, as guardian of Wm. H. McKleroy, Jr., a minor, and in her individual capacity, party of the first part, and Wm. C. Wilson, party of the second part, witnesseth:

"That whereas the party of the first part, as the guardian of the person and estate of Wm. H. McKleroy, Jr., desires to sell that certain property in the city of Anniston, Alabama, known as the Wm. H. McKleroy homestead; and

"Whereas, the party of the second part desires to purchase the same; and the parties hereto having agreed that the said property shall be sold to the party of the second part at and for the sum of twenty-two thousand five hundred ($22,500.00) dollars, payable as follows: Seventy-five hundred ($7,500.00) dollars cash upon the execution of a conveyance, and the balance in three annual installments of five thousand ($5,000.00) dollars each with interest, at the rate of six per cent. per annum, with the provision that the party of the second part shall have the privilege of paying any one or more of said installments before maturity.

"Now, therefore, in consideration of the premises and in consideration of the agreement and promise of the second party to pay twenty-two thousand and five hundred ($22,500.00) dollars for said property, the party of the first part does hereby covenant and agree with the party of the second part that she will sell or cause to be sold to said party of the second part said property herein described for the sum of twenty-two thousand five hundred ($22,500.00) dollars as above stated; and that if at the sale of said property at public outcry there should be a higher bid than twenty-two thousand five hundred ($22,500.00) dollars then she will pay to the said party of the second part the amount of said bid in excess of said sum of twenty-two thousand five hundred ($22,500.00) dollars such payment to be made by her on or before the confirmation of the sale.

"In witness whereof said parties of the first and second part hereunto set their hands and seals in duplicate on the day and year herein first above written. Susan N. McKleroy, as Guardian of Wm. H. McKleroy, Jr. W. C. Wilson. Attest: Rosedale."

Appellee interposed three sets of demurrers as follows:

"Now comes the defendant, and separately and severally demurs to the plaintiff's complaint, and to each count thereof, and separately and severally assigns thereto the following:

"Because said complaint states no cause of action.

"Because said alleged contract sued on is null and void and of no legal effect.

"Because said alleged contract is contrary to law.

"Because said alleged contract is without consideration.

"Because the defendant as guardian of said William H. McKleroy had no authority to make said contract.

"Because by said alleged contract defendant undertook to pay out unlawfully the funds belonging to the estate of her ward.

"Because as a matter of law the defendant as guardian of the said William H. McKleroy could only contract with reference to her ward's property upon the order of the court having control of the ward's estate.

"Because it does not appear that said alleged contract was made by the defendant by virtue of any order of the court having jurisdiction of the estate of said minor, William H. McKleroy.

"Because said contract was made without authority of law.

"Because it does not appear how the defendant is individually liable to the plaintiff under the contract sued on.

"Because it does not appear that said alleged contract was executed by any authority or on any order of the probate court of Calhoun county, Ala.

"Because it does not appear wherein or how the plaintiff was legally bound to bid a larger sum than $22,500.

"Because it affirmatively appears that plaintiff voluntarily bid and paid the amount sued for.

"Because it affirmatively appears from said

complaint that the property described therein was not the property of the defendant.

"Because said alleged contract was contrary to the interest of the defendant's ward and contrary to law.

"Because it affirmatively appears that said alleged contract is without consideration as to the defendant.

"Because said alleged contract is contrary to public policy, and is void.

"Because said alleged contract is void in that it is an agreement to restrain or prevent bidding at a public sale.

"Because said alleged contract is void in that by its terms the defendant and plaintiff undertook to prevent bidding at the public sale of said property.

"Because it affirmatively appears that the property described in said contract was to be sold at public sale, and by the terms of said contract the parties thereto undertook to prevent bidding by anyone at said sale except the plaintiff.

"Because said contract sued on is restrictive of competition of bidding at the public sale of said real estate, and is contrary to public policy and void.

"Because the object or tendency of said alleged contract is to constitute a fraud or breach of trust or breach of duty on the part of the defendant who stands in a fiduciary relation to her ward, the said W. H. McKleroy, and is void and illegal."

Second Set.

"Now comes the defendant and by leave of the court first had and obtained file additional demurrers in this cause as follows:

"The defendant separately and severally demurs to the plaintiff's complaint and to each count thereof, and separately and severally assigns thereto the following, in addition to the demurrers heretofore filed in said cause on April 13, 1920, viz.:

"Because the defendant as guardian of said Wm. H. McKleroy had no authority to make said alleged contract sued on.

"Because said alleged contract sued on was made without authority of law.

"Because the defendant in attempting to procure competitive bidders at said sale was acting according to the duty she owed her said ward and in accordance with her legal duties as guardian for her said ward, Wm. H. McKleroy."

Third Set.

"Comes the defendant and with leave of the court first had and obtained separately and severally demurs to the first, second, and third counts of the complaint, and separately and severally assigns the following grounds, to wit:

"First. For the said count fails to allege a cause of action.

"Second. For that the alleged contract, a breach of which is the gravamen of the cause of action in this count is null and void.

"Third. For that said count fails to show any contractual relation between plaintiff and defendant.

"Fourth. For that defendant, as guardian of Wm. H. McKleroy, Jr., had no authority to sign the contract, a breach of which is the gravamen of the cause of action in this count.

"Fifth. For that said contract fails to allege any facts which impose any liability on defendant.

"Sixth. For that said count alleges a breach of contract, executed by plaintiff and Mrs. Susan N. McKleroy, as guardian of Wm. H. McKleroy, Jr., and fails to allege any facts which impose any liability on the defendant.

"Seventh. For that said count shows that the alleged contract, a breach of which is the gravamen of the alleged cause of action of this count, was executed by Mrs. Susan N. McKleroy, as guardian and not by this defendant.

"Eighth. For that said count states as a cause of action a breach of a contract and fails to show that defendant executed said alleged contract.

"Ninth. For that Mrs. Susan N. McKleroy, as guardian, had no legal authority to sign the alleged contract mentioned in this count, a breach of which is the gravamen of the alleged cause of action, and said count fails to allege any facts which impose any liability on the defendant.

"Tenth. For that the alleged contract executed by plaintiff and Mrs. Susan N. McKleroy, as guardian, is void.

"Eleventh. For that the contract executed by plaintiff and Mrs. Susan N. McKleroy, as guardian, as to what property should be bought at a public sale, is void.

"Twelfth. For that the contract, a breach of which is the alleged cause for action in this count, attempts to fix the price at which real property should be bought at a public sale and is against public policy and void.

"Thirteenth. For that said count alleges as a cause of action a breach of a contract which attempts to fix in advance at what price property should be purchased at a public sale.

"Fourteenth. For that the alleged contract set out in this count, a breach of which is the alleged cause of action, is an attempt in advance of legal sale at public auction to fix the price of land and is contrary to public policy and void.

"The defendant demurs to the fourth count of the complaint exhibited against her in this cause and assigns the following grounds, to wit:

"First. For that said contract fails to allege a cause of action.

"Second. For that said count shows that plaintiff of his own free will bid the sum of $28,-100, at which sum the property was sold to him.

"Third. For said count alleges no facts which show that plaintiff was under a legal duty to bid at said public sale more than $22,500.

"Fourth. For that said count shows that plaintiff willingly bid $28,100 at said public sale, it being the price at which plaintiff bought the property at public sale.

"Fifth. For that said count alleges no facts which would relieve plaintiff of paying $28,100, it being the amount he bid at said sale.

"Sixth. Because said count fails to aver that said sum of $22,500 was the highest and best bona fide bid at said sale.

"Seventh. For that said count fails to state that the bid at which plaintiff bought the property was more than the reasonable value of said property."

—which demurrers the court sustained (Tr. p. 8), and thereupon appellant amended the complaint by amending counts 1 and 2 thereof as follows (Tr. pp. 8-14):

"First count as amended: The plaintiff claims of the defendant the sum of $5,600, together with the interest thereon from March 10, 1920, due from defendant to the plaintiff by a contract executed between the plaintiff and the defendant on, to wit, December 31, 1919, a copy of which said contract is hereto attached and marked 'Exhibit A' and made a part hereof as if fully and completely set out herein. Plaintiff avers that at the time of the making of said contract the defendant owned a life estate in the property referred to therein, which had been willed or devised by her late husband, William H. McKleroy, deceased, whose estate was then being administered in the probate court, and of which estate this defendant was a large creditor or devisee; that after the making of said contract the said property was offered for sale in pursuance of the terms of a decree of the circuit court of Calhoun county, Ala., and there was a higher bid therefor than $22,500, to wit, a bid of $28,100, which sum was bid by the plaintiff and at which sum the plaintiff became the purchaser of the property described in said contract; that said sale was reported to the said court and was by it confirmed on, to wit, March 10, 1920, and in consequence of said bid and said confirmation of said sale this defendant has become indebted to plaintiff in the sum of $5,600 together with the interest thereon from the confirmation of said sale, which said sum is past due and unpaid, which has been demanded of and the payment refused by this defendant.

"Second count as amended: The plaintiff claims of the defendant the sum of, to wit, $5,-600, together with the interest thereon from March 10, 1920, for that William H. McKleroy died testate leaving a last will and testament, a copy of which is hereto attached and marked 'Exhibit B' and made a part of this count as if fully set forth herein; that after the probate of his said will letters testamentary issued thereon to W. A. Davis and this defendant, and thereafter this defendant was appointed the guardian of William Henry McKleroy, Jr., who was the child of said decedent and of this defendant, and thereafter, and whilst the defendant was acting as such coexecutor, and whilst the defendant and her said minor child were occupying the property known as the McKleroy homestead, the defendant undertook to procure a purchaser for said homestead, and the plaintiff agreed to buy said homestead property at $22,500, which the defendant considered and which was in fact an advantageous price for said property, and thereupon the plaintiff and defendant made and executed a contract, a copy of which is hereto attached and marked 'Exhibit A' and made a part hereof as if more fully set forth herein, and thereafter the said homestead property was sold in pursuance of a decree of the circuit court of Calhoun county, Ala., and at said sale this plaintiff became the purchaser thereof at and for the sum of $28,100, and that it was necessary to bid said sum in order to obtain the said property; that said sale was reported to and confirmed by the court, and this plaintiff has demanded of the defendant that the defendant pay the difference, to wit, $5,600, which she has wholly failed and refused to do. Wherefore plaintiff says that the defendant is indebted to the plaintiff in the sum of $5,600, together with the interest thereon from the confirmation of said sale on, to wit, March 10, 1920."

Harrison & Stringer, of Talladega, for appellant.

The appeal is properly held, and the plaintiff is entitled to a review of the rulings as to both the original and the amended pleading. 184 Ala. 272, 63 South. 567. The contract was not invalid on the ground of public policy. 2 Ala. App. 444, 57 South. 75. The contract of the third person to convey title is valid, although at the time he had no title. 202 Ala. 437, 80 South. 821; 39 Cyc. 1213. The guardian may bind herself in attempting to bind the ward's estate. 105 Ala. 149, 16 South. 723, 53 Am. St. Rep. 101; 15 Pick. (Mass.) 428. The court, and not the guardian, sells. 147 Ala. 207, 41 South. 838, 119 Am. St. Rep. 61; 159 Ala. 555, 48 South. 793; 147 Ala. 229, 40 South. 984. The guardian may lawfully contract to sell the ward's property at advantageous price. 113 Ala. 555, 21 South. 136, 59 Am. St. Rep. 147; 69 Neb. 702, 96 N. W. 620; 16 Cal. 473, 76 Am. Dec. 551. In any event, appellee has an interest in the property, and could have purchased. 120 Ala. 222, 24 South. 573; 128 Ala. 209, 30 South. 784; 85 Ala. 67, 4 South. 720; 195 Ala. 540, 70 South. 670; 2 Jarman on Wills, 404; 40 Cyc. 1537; 113 Mass. 407. What appellee could do herself, she could contract with another to do. 45 Ala. 653, 6 Am. Rep. 710; 41 Ala. 93; 73 Ala. 567; 31 Cyc. 1213. An unfaithful guardian cannot plead invalidity. L. R. A. 1915B, 31. The persons relying on her contract are entitled to relief. 199 Pa. 423, 49 Atl. 237, 85 Am. St. Rep. 796; 80 Tex. 468, 15 S. W. 1087. Puffing judicial sales is a fraud, entitling the defrauded buyer to action for damages. 18 Cyc. 774; 24 Cyc. 28; 23 N. H. 360, 55 Am. Dec. 195; 20 N. J. Eq. 159; 114 Mass. 187, 19 Am. Rep. 332; 96 Am. Dec. 267 and notes; section 2468, Code 1907.

C. H. Young and W. O. Tunstall, both of Anniston, for appellee.

The contract was illegal and void for many reasons. 13 C. J. 415; 24 Cyc. 28; 5 Am. Dig. 130; 96 Va. 521, 31 S. E. 901, 43 L. R. A. 146, 70 Am. St. Rep. 873; 15 A. & E. Enc. of Law, 57, 950, and note; 80 Ga. 683, 6 S. E. 586; 136 N. C. 443, 48 S. E. 796, 67 L. R. A. 982. The interest of the guardian in the estate did not help the illegality of the contract. 136 N. C. 342, 48 S. E. 761, 67 L. R. A. 983; 80 Ga. 683, 6 S. E. 586; 47 Ill. App. 659. Plaintiff had to rely on a contract illegal, in order to establish his cause of action, and cannot

recover. 67 Ala. 92. See, generally, 9 Ala. App. 123, 62 South. 542; 132 Ala. 311, 31 South. 35; .147 Ala. 557, 41 South. 11; 2 C. J. 806; 67 Ala. 461; 178 Pa. 367, 35 Atl. 992, 34 L. R. A. 578, and note. The guardian was not personally liable. 2 Ala. App. 421, 57 South. 63; 125 Ala. 72, 27 South. 311. Appellee had no interest in the land, but was a mere licensee. 124 N. C. 362, 32 S. E. 749.

MILLER, J. This is a suit for $5,600 by W. C. Wilson against Susan N. McKleroy on a contract, or for alleged breach of contract; and also for damages for an alleged fraud practiced by defendant on him.

There were four counts in the complaint. The court sustained demurrers to each. The plaintiff amended counts 1 and 2. Demurrers were sustained to them. Plaintiff took a nonsuit on account of the adverse rulings to him by the court on the pleadings—appeals as the law allows—and these rulings are assigned as error. Section 3017, Code 1907; Berlin Mach. Wks. v. Ewart Co., 184 Ala. 272, 63 South. 567.

Counts 1, 2, and 3 as originally filed and counts 1 and 2 as amended involve a contract—it is in writing and made a part of each. Its validity is assailed by the demurrers. The amount sued for, or damages claimed, grow out of it.

The contract in its body appears to be made by Susan N. McKleroy, individually and as guardian of William H. McKleroy, Jr., with W. C. Wilson, the plaintiff. It is signed by Susan N. McKleroy as guardian of William H. McKleroy, Jr., and W. C. Wilson.

Susan N. McKleroy individually did not sign it. William H. McKleroy, Sr., died leaving a will. He gave and devised to his son, said William H. McKleroy, Jr., his homestead in Anniston, Ala., consisting of ten lots and the residence thereon, and "who I hereby direct to permit his mother to use and occupy said homestead as her residence during her lifetime should she so desire." The mother is the defendant. She is the guardian of the minor. The defendant as guardian of William H. McKleroy, Jr., agreed by the written contract to sell or cause to be sold the homestead to W. C. Wilson, the plaintiff, for the sum of $22,500, and "if at the sale of said property at public outcry there should be a higher bid than $22,500, then she will pay to the plaintiff the amount of said bid in excess of said $22,500, before the confirmation of the sale by the court."

The counts aver that said homestead was sold by order of the chancery court at public outcry; that plaintiff bid at the sale $22,500; that there were other bids, and that plaintiff finally purchased it at highest bid, $28,100; the sale to him for said sum was confirmed by the court, and under the contract defendant owes the plaintiff the sum of $5,600, which she refuses to pay. Count 3, after alleging foregoing facts, also avers in substance that the defendant conspired with sundry irresponsible persons without means, who could not have complied with the contract of purchase had they secured said property, to defraud this plaintiff by artificially "puffing" or bidding up the price of said property at said sale, who, in furtherance of such conspiracy, did appear at said sale and bid thereon the sum of $28,000, after plaintiff had bid $22,500 for the property; that "said persons were known to defendant, but unknown to plaintiff, to be irresponsible and unable and had no intention to comply with said bid," and by the "said fraudulent conduct on the part of this defendant, this plaintiff was compelled and did bid in order to obtain said property the sum of $28,100."

[1] The legal title to land of a minor is not in his guardian, but in the ward. It cannot be sold by the guardian except by an order of a court. The court is the vendor. No title passes from the minor until the sale is confirmed by the court. The duty of the court is to secure the best price, full value of the property, for the interested party or parties. Montgomery v. Perryman. 147 Ala. 207, 41 South. 838. 119 Am. St. Rep. 61; Roy v. Roy. 159 Ala. 555, 48 South. 793.

[2] The guardian of a minor has no right to sell privately her ward's real estate. Any contract made by the guardian to sell the ward's estate is illegal; especially so, and against public policy, when she agrees in the contract that the purchaser can have all in excess of a certain amount that it may bring, when sold at public outcry by order of the court.

[3] When a necessity exists to sell the real estate of a ward for maintenance, division, to pay debts or reinvestment, the order may be obtained from a court of competent jurisdiction, there must be a public sale, the sale reported to the court, the report confirmed, the purchase money paid, and deed directed to be made by the court to the purchaser. In this way a valid title to real estate of a ward may pass to the purchaser. Sections 4411, 4409, 4426, Code 1907; Am. & Eng. Enc. of Law, vol. 15, p. 57; Le Roy v. Jacobosky, 136 N. C. 443, 48 S. E. 796, 67 L. R. A. 982.

[4] These counts in the complaint show that the homestead belonged to the ward, with directions to him to permit his mother. the guardian, to use and occupy it as her residence during her life, if she so desired. The counts show that the contract was signed by defendant as guardian and not individually. The counts show that the plaintiff knew there would have to be a sale of the property at public outcry, an order of court for the sale, and a confirmation of the sale by the court. The contract shows these were matters in contemplation of the parties

when executed. It refers to sale at public outcry, highest bidder, and confirmation of sale by the court. The plaintiff and defendant knew in law, if not in fact, when the contract was executed, that the homestead could be sold legally only by order of a court of competent jurisdiction, after proper application by proper parties and proof made, at public outcry, and to the highest bidder. This being true, the plaintiff could not successfully maintain suit against the defendant personally on a void and illegal contract, known to him in law to be void and illegal, when executed by him and defendant as guardian and not as an individual; and this is true even though the defendant personally had some right to use the property or had a license in it.

[5] When both parties, acting under a mistake of law, make a contract which the law forbids, then the principals are not liable thereunder, nor personally the guardian of a minor, who as guardian was one of the parties to it. It is a mistake of law, known in law, yet probably unknown in fact, to the parties to the contract at the time of its execution.

[6] Counts 1, 2, and 3, and counts 1 and 2 as amended, set up the contract, make it part of each count, and the agreement in it or its breach is the gravamen of each. Count 3 is different from the others, yet is defective. It relies on the illegal contract and also alleged fraud by artificial bidding caused by defendant. It fails to aver that those bidding forced him to pay or bid more than reasonable market value of the property. The contract referred to and made part of the count, on which he bases his right to recover, has the following clause therein:

"And that if at the sale of said property at public outcry there should be a higher bid than twenty-two thousand five hundred ($22,500.00) dollars, then she will pay to the said party of second part [plaintiff] the amount of said bid in excess of said sum of twenty-two thousand five hundred ($22,500.00), such payment to be made by her on or before the confirmation of the sale."

This count alleges that plaintiff bid $28,-100—forced to do so by artificial bids. If injured and relying on the contract, he had a right to demand the $5,600, the "excess bid" under it, "before confirmation of sale"; and if she did not pay it before the sale was confirmed as agreed, then he could have under the very averments of the count protected himself from the fraud, if any, by refusing to pay the $28,100, or reporting the contract and facts to the court and have the sale set aside.

The demurrers to counts 1, 2, 3, and 1 and 2 as amended were properly sustained. Le Roy v. Jacobosky, 136 N. C. 443, 48 S. E. 796, 67 L. R. A. 982; Schloss & Kahn v. McIntyre, 147 Ala. 557, 41 South. 11.

[7] Count 4 is different from all of the other counts. It does not refer to the contract. It avers that defendant caused certain real estate to be sold at public outcry under a decree of the chancery court of Calhoun county, "that defendant knew plaintiff would bid at said sale the sum of $22,500, and such sum in addition thereto as was necessary to purchase said property," and knowing such facts defendant conspired with sundry irresponsible persons, without means, who could not comply with a contract of purchase, had they secured the property, to defraud this plaintiff by artificial "puffing" or bidding up the price of said property, and in furtherance of said conspiracy did offer and bid at said sale $28,000 after plaintiff had bid $22,500 for the property, all of which facts were known to defendant and unknown to plaintiff, and plaintiff was compelled and did bid in order to obtain said property the sum of $28,100, "whereby defendant was defrauded of the difference between the then reasonable market value of said property, to wit, $22,500, and the amount bid at said sale, to wit, $28,100."

It is a fraud on bona fide bidders at a public sale for a vendor or his agent to employ or have puffers or by-bidders—to artificially inflate the price. The person, principal or agent, vendor or his agent, employing or securing the puffers or by-bidders or sham bidders, is guilty of a fraud, and, if any damage is done thereby, the law gives the party defrauded a right of action. Section 2468, Code 1907; 18 Cyc. 774; 24 Cyc. 28; Wall v. Graham, 192 Ala. 396, 68 South. 298.

The defects in this count (No. 4) are: (1) Failing to aver facts showing a necessity for plaintiff "to bid at said sale $22,500, and such sum in addition thereto as was necessary to purchase said property," and that defendant knew such facts before the sale; and (2) in averring "defendant" instead of "plaintiff" was defrauded of the difference between the then reasonable market value of said property, to wit, $22,500, and the amount bid at said sale, to wit, $28,100. This last error is unintentional, no doubt, yet it avers "defendant was defrauded," and not plaintiff. It must aver plaintiff was injured by the fraud of the defendant. These questions were raised by demurrers and there was no error in sustaining them. Wall v. Graham, 192 Ala. 396, 68 South. 298; section 2468, Code 1907.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.

### On Rehearing.

MILLER, J. A majority of the court are of the opinion that the demurrer was properly sustained by the court below to count 4; but they think the following defect is

fatal to it, instead of the ones given in the original opinion: It fails to aver that said sum of $22,500 bid was the highest and best bona fide bid at the sale for the property. It should aver that there were no intervening bids between $22,500 and the last bid $28,100 that were bona fide, or aver the last bona fide bid before the bid of $28,100. National Bk. v. Sprague, 20 N. J. Eq. 159.

The averment in this count 4 that "defendant was defrauded" and not "plaintiff" was a clerical error, unintentional, and self-correcting from the plain purpose of the entire count. Sheffield v. Harris, 183 Ala. 357, 61 South. 88.

Application for rehearing overruled.

ANDERSON, C. J., and McCLELLAN, SAYRE, and SOMERVILLE, JJ., concur.

THOMAS, J., not sitting.

GARDNER, J. Upon a reconsideration of this cause I am persuaded the decision is erroneous, and that the counts for breach of the contract, as well as count 4 for the alleged fraud in "puffing" the price, were not subject to the demurrers interposed; but I forego discussion thereof.

I therefore respectfully dissent.