219 So.2d 379

**Phyllis Russo WALKER, as Admrx.**

**v.**

**SOUTHERN TRUCKING CORPORATION et al.**

**6 Div. 572.**

Supreme Court of Alabama.

Feb. 13, 1969.

John W. Cooper, Birmingham, for appellees.

MERRILL, Justice.

This appeal is from a judgment denying rent to the plaintiff-lessor and awarding $3,000.00 damages to the defendants-lessees on their plea of recoupment.

The case was submitted to the court under an agreed statement of facts. The plaintiff and defendants entered into a written lease agreement on April 6, 1965. The lease provided that the defendants would lease certain property located in Birmingham, Alabama, for a period of sixty months, beginning May 1, 1965, and ending April 30, 1970. The lease provided that the rent would be $150.00 per month. The lease further provided that the property would be used by the lessees as an "office and warehouse and Trucking Terminal and for no other different object or purpose." Subsequent to the signing of the lease, the lessees expended $3,-

Corretti, Newsom & Rogers, Birmingham, for appellant.

000.00 in preparing the property for use as a trucking terminal.

The leased property, consisting of three vacant lots, was zoned partially "light industrial" and partially "multiple dwelling." On June 23, 1965, the City of Birmingham issued to the defendants an order to cease using the part of the lots that were zoned "multiple dwelling." At the time of the execution of the lease, neither party knew of the zoning of the property. Both parties attempted to have the zoning ordinances changed so that the property could be used for the trucking terminal. These efforts were unsuccessful and defendants vacated the premises.

Plaintiff then filed suit for $300.00 uncollected rent and also reasonable attorney's fees. The defendants filed a plea of recoupment for $3,000.00 for their expenses in preparing the property. The case was first tried in the civil court of Jefferson County and the trial resulted in a judgment in favor of the plaintiff. A motion for a new trial was granted and judgment was entered for the defendants. Plaintiff perfected an appeal to the circuit court. On September 5, 1967, the circuit court rendered judgment in favor of the plaintiff. Defendants filed a motion for a new trial, which was granted, and the case was restored to the docket. On December 20, 1967, the cause was resubmitted to the circuit court and, this time, the court found for the defendants and against the plaintiff and awarded the defendants $3,000.00 on their plea of recoupment.

Appellant relies chiefly on the case of Sachs Steel & Supply Co. v. St. Louis Auto Parts & Salvage Co., Mo.App., 322 S.W.2d 183, as authority for the proposition that the defendants-lessees are bound under the lease for the remainder of the term. We do not think this decision is apt authority under the facts here. In the *Sachs* case, the lease stated that the property could be used for "any business," excepting only the scrap iron business, which was the lessor's business. In the instant case, the lease provided that the property could be used only for an office warehouse and trucking terminal and for no other object or purpose. A second distinction is that in the *Sachs* case, part of the property that was leased was still available for a business purpose. Here, the entire property was rendered useless because of the lease's terms and the zoning of the property.

■ The general rule in a case such as we have here is stated most clearly in 32 Am.Jur., Landlord & Tenant, § 229, p. 212:

" * * * Where, however, the lease permits the lessee to use the premises for only a single purpose, a prohibition of law against such use will, according to the weight of authority, annul or terminate the contract and relieve the tenant of obligation thereunder. * * * "

In Ober v. Metropolitan Life Ins. Co., 157 Misc. 869, 284 N.Y.S. 966, affirmed N.Y.L.J., October 22, 1935, p. 1412, without opinion, the tenant had leased a basement to be used as a valet shop. He was later notified that this use was in violation of the zoning law. At the time of entering into the lease, the zoning ordinances restricted the premises to residential use. The lessee sued the lessor for breach of the covenant of quiet enjoyment contained in the lease, and the lessor filed a counterclaim for rent.

The court wrote: "The lease being for prohibited purposes, no basis existed for the landlord's claim for rent or for tenant's claim to continued use and occupancy. The lease was void, hence unenforceable. O'Neill v. Derderian, 138 Misc. 488, 246 N.Y.S. 341." Both the lessee's complaint and lessor's counterclaim were dismissed.

In Wilson v. McKleroy, 206 Ala. 342, 89 So. 584, this court said:

"When both parties, acting under a mistake of law, make a contract which the law forbids, then the principals are

not liable thereunder, nor personally the guardian of a minor, who as guardian was one of the parties to it. It is a mistake of law, known in law, yet probably unknown in fact, to the parties to the contract at the time of its execution."

Here, both the lessor and the lessees contracted that the property would be used solely for a purpose which was forbidden by the zoning law in effect when the lease was executed, although the parties did not know of the zoning of the premises. When they were so advised, they endeavored to obtain a change in the zoning ordinances so that the proposed use would be legal, but their efforts were unsuccessful and the lessees vacated the premises.

The trial court correctly held that the lessor-plaintiff was not entitled to recover the amount of rent sued for in her complaint.

We are not to be understood as holding that, under the authorities cited supra, the lessees were entitled, as a matter of law, to recover the value of the improvements they had placed on the leased premises under the plea of recoupment.

When pleas of recoupment are filed, they become a cross action attended with the same rights and subject to the same defenses as the original complaint. Davis v. Evans, 261 Ala. 548, 74 So.2d 705, 48 A.L.R.2d 740.

But we are not faced with a consideration of that principle of law as applied to this particular case, because of the agreed statement of facts "upon which both parties submit the cause to the court." Paragraph 1 provides the amount of judgment if plaintiff prevails. We quote paragraph 2:

"The defendants have filed a Plea of Recoupment seeking to recover their expenses in connection with the prepara-

tion of the premises leased for the operation of the defendant's business. By said Plea the defendants seek to recover of the plaintiff the sum of Three Thousand Dollars ($3,000.00). *If Defendants prevail they are entitled to $3000.00 from Plaintiff.*" (Emphasis supplied.)

Under the last sentence, if the defendants prevail, they are entitled to $3,000.00 from plaintiff. We have held that the defendants did prevail in the suit against them, and if so, the parties agreed that defendants were entitled to $3,000.00. The trial court cannot be put in error for doing that to which the parties had agreed in the event the defendants prevailed.

Even if we should have construed paragraph 2 of the agreed statement of facts to limit the condition—"If Defendants prevail"—to the plea of recoupment, we would have to disregard assignment of error 2, which charges that the court erred in rendering judgment on the plea of recoupment. The nearest appellant comes to arguing assignment of error 2, which was purportedly argued with assignment 1, is contained in the last part of the last paragraph of her argument under these assignments, which we have emphasized:

"* * * Appellant submits that the trial court was correct in the first instance and the judgment in favor of the appellant and against the appellees which was rendered on September 5, 1967, should not have been set aside and *that judgment in favor of the appellees on their Plea of Recoupment is in error.*"

The emphasized words are no more than a repetition of the assignment of error and do not amount to argument sufficient to invite review of such assignment. Bertolla v. Kaiser, 267 Ala. 435, 103 So.2d 736; Silavent v. Silavent, 281 Ala. 58, 198 So. 2d 785, and cases there cited.

Affirmed.

LIVINGSTON, C. J., and LAWSON and HARWOOD, JJ., concur.