This is a fraud case.
The lessees sued the lessors, alleging most importantly to this appeal that the lessors had fraudulently concealed certain material information in the course of renting some property to the lessees. Additionally, it was alleged that the lessors had misrepresented the basic nature of the property that was being leased; and had breached the lease agreement by failing to provide the lessees with peaceful possession of the premises for their business, a commercial use, in that the premises were zoned residential and not commercial.
Both parties filed motions for summary judgment. Rule 56, Alabama Rules of Civil Procedure. In its order the trial court found the instant case "strikingly similar" toWalker v. Southern Trucking Corp., 283 Ala. 551, 219 So.2d 379
(1969), in which a lease was held void and unenforceable. In the case at bar the trial court found
 "that there has not been presented a scintilla of evidence of fraudulent concealment or misrepresentation by [the lessors]. However, there is a limitation in the instant lease limiting the use of the premises to a single purpose, for which purpose the City of Mobile refuses to allow [the lessees] to utilize the premises. Therefore, this lease is voidable. That being the case the Court finds that [the lessees] are entitled to recover monies expended in improving the premises or deposited with [the lessors], which sum, together with the interest thereon is $700.00.
 "Summary judgment is granted and final judgment is rendered in favor or [the lessees] and against [the lessors] in the amount of $700.00."
The lessees, however, appeal from the above order, contending that the trial court erred in rendering a summary judgment against their claims of fraudulent concealment and misrepresentation.
The dispositive issue is whether the lessors were obligated, under the facts herein, to inform the lessees that the premises in question were not zoned for commercial use.
Having determined that the case law — as it currently stands in Alabama — imposes no such duty upon a lessor under these facts, we must affirm the trial court's judgment.
As the affidavits in support of the summary judgment motions make clear, the undisputed facts of this case are as follows:
The lessees purchased a small business in 1982. By 1985 the lessees had decided to move to a different location due to poor business, which they attributed to the general declining economic health of the shopping center in which they were then located.
The lessees learned of the availability of a possible new location for their business by a sign the lessors had in front of the small house that had been converted into a fourplex and rented out to various businesses for a number of years. The lessees contacted the lessors about the vacancy in that fourplex as the possible new location for their small business. They were shown the premises and decided on renting it.
The lessees signed a lease with the lessors, the lease expressly stating that the rental of the premises was for a commercial use. After signing the lease, the lessees learned that they might have trouble obtaining a business license at their new location. This information was imparted by one of the current tenants of the fourplex. As the record shows, the current tenants of the fourplex did have business *Page 1365 
licenses despite the fact that the premises were not zoned for commercial use. It would seem that the City had been issuing business licenses for the various businesses in the fourplex, despite the zoning regulation, up until the time the lessees applied for a license. The record further shows that there had, in fact, been some controversy surrounding the zoning of these premises prior to the lease in question. In any event, the lessees inquired with the City as to obtaining a business license at the new location and learned that they were going to have difficulties in obtaining one. Their application for a business license to conduct business in the premises rented from the lessors was subsequently denied.
The lessees brought suit against the lessors, alleging fraud and breach of contract. They argue that, given the circumstances surrounding the lease — i.e., that the lease was for a business purpose and so stated, that the lessors knew of the zoning problem, that there were going businesses in the fourplex at the time of their signing of the lease, and that the lessors did not inform them of any zoning problems — the lessors were liable for fraud by renting the premises to the lessees. We disagree.
For a summary judgment to be properly granted, the pleading and affidavits must establish no scintilla of evidence which raises a genuine issue as to any material fact, and the moving party must be entitled to judgment as a matter of law.Houston v. McClure, 425 So.2d 1114 (Ala. 1983). Although there was some controversy as to what in fact the lessors knew about the zoning and the potential problems in obtaining a business license at the property in question, we do not consider this dispute pertinent to our ruling on the trial court's order. That is, we will assume that the lessors did know of the problems and chose not to reveal that information to the lessees prior to the signing of the lease. If the lessees could not prevail on the merits under that assumption, the trial court's judgment is due to be affirmed.
Regarding the lessees' claim of misrepresentation, the record clearly shows, and the lessees admit, that the lessors made no affirmative misrepresentation regarding the zoning of the property. This being so, the trial court correctly entered a summary judgment against the lessees on this claim.See Ala. Code (1975), § 6-5-101.
The lessees' case, therefore, stands or falls on their claim of fraudulent concealment. Section 6-5-102, Ala. Code (1975), states that, "[s]uppression of a material fact which the party is under an obligation to communicate constitutes fraud. The obligation to communicate may arise from the confidential relations of the parties or from the particular circumstances of the case."
Neither the main case cited by the lessees nor the one referred to by the court in its order is dispositive of this issue.
The lessees contend that Zekoff v. Franklin, 380 So.2d 869
(Ala.Civ.App. 1979), is analogous to the instant case. Suffice it to say that in that case there was an affirmative misrepresentation, and the lessors were thus held liable for fraud. The trial court's reference to Walker, 283 Ala. 551,219 So.2d 379, is pertinent to its decision to void the lease contract, but is not dispositive regarding damages for fraudulent concealment. In that case neither party knew of any zoning problems at the time the lease was executed. We are, in short, left with a situation somewhere between those two cases.
The issue, as previously noted, is whether the lessors were under a duty to inform the lessees of the premises being zoned residential rather than commercial and that they might have trouble in obtaining a business license to conduct their business on the newly rented premises.
In answering that question in the negative, we note first that the landlord-tenant relationship is not one of a fiduciary nature. See Nelson Realty Co. v. Darling Shop,267 Ala. 301, 101 So.2d 78 (1957). If the lessor was under any obligation to communicate the fact of the residential zoning of the premises to the lessees, the duty must therefore arise from the circumstances of the case and not from any confidential relations of the parties. See Ala. Code (1975), § 6-5-102. *Page 1366 
It has long been the law in Alabama that, when both parties to a transaction are intelligent and fully capable of taking care of themselves and are dealing at arm's length and when there are no confidential relations between them, one of them owes no duty to disclose a material fact to the other without request, and mere silence concerning such fact is not fraud; there must be active concealment or misrepresentation.Mudd v. Lanier, 247 Ala. 363, 24 So.2d 550 (1945).
It is undisputed in this case that the lessees did not make any inquiry of the lessors regarding the zoning of the premises to be leased. It is also not to be forgotten that the lessees in this case were operating a business. It is also not too inconceivable that, had the lessees been informed of the zoning problems, they would have rented the property anyway, given the fact that the residential zoning did not seem to be an impediment to the existing businesses.
Nevertheless, we are sympathetic to the plight of the lessees. Such sympathy, however, cannot change the fact that the principle of caveat emptor would still seem to be the basic law at work in this case. As our supreme court held in Marshallv. Crocker, 387 So.2d 176, 179 (Ala. 1980) (quoting Jordan Sons v. Pickett, 78 Ala. 331, 339-40 (1884)), "[w]hen the means and sources [of a material fact] are equally accessible to both parties, the ignorance of [a] purchaser is regarded as self-deception, unless art or artifice is employed to prevent investigation, or stifle information." In short, with ordinary diligence the lessees in this case could have discovered the fact of the zoning problems, which were a matter of public record.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.